## Monoski v. Gates

*E. Eugene Yaw,* for plaintiffs.
*John T. Robinson,* for defendant Thomas Gates.

WOELFEL, *J.,* May 1, 1991—This case involves alleged defects in the construction of the plaintiffs' home by the defendants. A complaint was filed on October 9, 1986, in which the plaintiffs state that, as a result of the defendants failure to complete work in

a workmanlike manner and as agreed, the basement of their home flooded. On November 13, 1990, the plaintiffs filed a motion to amend their complaint, seeking to add numerous additional and specific allegations of defects which were supposedly a consequence of unworkmanlike conduct by the defendants. Defendant Gates opposes such the permitting of those amendments, arguing that they constitute new causes of action and are barred by the applicable statute of limitations. Defendant Klinger has submitted no answer to the plaintiffs' motion and it is therefore deemed as unopposed by him.

Pa.R.C.P. 1033 permits liberal amendment of the pleadings at any time either by consent of the adverse party or by leave of court. The rule is that an amendment will not be permitted after the running of the statute of limitations if it introduces a new cause of action. *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 319 A.2d 914 (1974). If, however, the proposed amendment merely amplifies the cause of action and does not change it, than it should be allowed even though the statute of limitations has run. *Laursen v. General Hospital of Monroe County*, 494 Pa. 238, 431 A.2d 237 (1981); *Conner v. Allegheny General Hospital*, 501 Pa. 306, 461 A.2d 600 (1983). The decision to grant or deny permission to amend is within the discretion of the trial court. *Horwath v. Scibetta*, 40 D.&C. 3d 518, 521 (1985) citing *Geiman v. Board of Assessment in Revision of Taxes*, 412 Pa. 608, 195 A.2d 352 (1963).

This case appears to involve claims for latent defects in construction. Thus, the applicable statute of limitations is four years from the time that the injured party becomes aware, or by exercise of

reasonable diligence should have become aware, of the defect. 42 Pa.C.S. §5525. *Francabandera v. Indian Mountain Lake Development Corp.,* 48 D.&C. 3d 246 (1988).

The proposed amendments were filed more than four years after the filing of the original complaint. The plaintiffs do not claim to have discovered the defects alleged in the proposed amendment at any time after the filing of the original complaint, nor do they give any indication that these defects could not have been reasonably discovered at that time. It must, therefore, be concluded that the statute of limitations has run.

It must next be determined whether the proposed amendments constitute new causes of action or mere amplifications of the original complaint. The test to be applied in deciding whether a new or different cause of action is plead by the proposed amendments is: (1) whether a judgment in the original case would bar any further action in the amended complaint; (2) whether the same measure of damages would support both; and (3) whether the same defense and the same measure of proof is required. *Henry v. Gimbels,* 6 D.&C. 3d 415, 418 (1978) *citing Shenandoah Borough v. Philadelphia,* 367 Pa. 180, 79 A.2d 433 (1951).

The plaintiffs' original complaint states in part that the defendants failed to ''perform certain works which were requisite and necessary to be done and performed under and by virtue of the said agreement more particularly described in exhibit B attached hereto. . . . As to certain other works which were requisite and necessary to be done and performed under and by virtue of said agreement, the defendants performed the same in poor, improper and unworkmanlike manner contrary to the form and

effect of the said agreement as set forth in exhibit B attached hereto." Exhibit B lists obligations of the defendants having to do with drainage. Defendant Gates' position is that because the only unworkmanlike conduct alleged in the original complaint had to do with drainage, new allegations of unworkmanlike conduct having to do with problems other than drainage state new causes of action.

While it is true that the only instance of unworkmanlike conduct alleged in the original complaint had to do with drainage problems, the plaintiffs have complied with the requirement in Pennsylvania to state in the pleadings, their original complaint, material facts upon which a cause of action is based (Pa.R.C.P. 1019), and not to simply plead a general allegation of unworkmanlike conduct. To state now that because they did not plead all facts and circumstances giving rise to a claim of unworkmanlike conduct, they are prevented from expanding upon the original allegation, would be patently unfair. The plaintiffs have not set up an entirely different theory of recovery. It is the extent of damages which has been expanded. The relations and duties of the parties remain the same. Pennsylvania courts have taken a liberal approach with regard to this issue:

"A cause of action does not consist of facts . . . but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. . . . The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. *Catanese v. Taormina,* 437 Pa. 519, 263 A.2d 372

318

(1970), quoting *Baltimore Steamship Company v. Phillips,* 274 U.S. 316, 321 (1927).

It is also noted that this case has not been set for trial and discovery has not yet been completed, therefore, any prejudice to the defendants in permitting the amendments would be minimal.

An order consistent with this opinion will be entered.

### ORDER

And now, May 1, 1991, the plaintiffs' motion to amend complaint is hereby granted. A proposed amended complaint shall be filed within 20 days of date of entry of this order.