842 A.2d 334

**GUSTINE UNIONTOWN ASSOCIATES, LTD., a Pennsylvania Limited Partnership, by and through Gustine Uniontown, Inc., General Partner,**

v.

**ANTHONY CRANE RENTAL, INC., Anthony Crane Rental, L.P., Architectural Services Group, Inc., Construction Engineering Consultants, Inc., Geomechanics, Inc., Jabille Development Corporation, Mascaro Incorporated, McMillen Engineering, Inc., P.C. Yezbak & Son, Inc., Penn Transportation Services, Inc., Ruprecht, Schroeder & Hoffman, Architects, S & R Restaurants, Inc., and Wendy's of Greater Pittsburgh, Inc.,**

v.

**Gustine Uniontown, Inc., The Gustine Company, Inc., BSW Architects, and Thor Concrete Construction, Inc.,**

**Appeal of: Architectural Services Group, Inc.**

**Gustine Uniontown Associates, Ltd., a Pennsylvania Limited Partnership, by and through Gustine Uniontown, Inc., General Partner,**

v.

**Anthony Crane Rental, Inc., Anthony Crane Rental, L.P., Architectural Services Group, Inc., Construction Engineering Consultants, Inc., Geomechanics, Inc., Jabille Development Corporation, Mascaro Incorporated, McMillen Engineering, Inc., P.C. Yezbak & Son, Inc., Penn Transportation Services, Inc., Ruprecht, Schroeder & Hoffman, Architects, S & R Restaurants, Inc., and Wendy's of Greater Pittsburgh, Inc.,**

v.

**Gustine Uniontown, Inc., the Gustine Company, Inc., BSW Architects, and Thor Concrete Construction, Inc.,**

**Appeal of: P.C. Yezbak & Son, Inc.**

**Gustine Uniontown Associates, Ltd., a Pennsylvania Limited Partnership, by and through Gustine Uniontown, Inc., General Partner,**

v.

**Anthony Crane Rental, Inc., Anthony Crane Rental, L.P., Architectural Services Group, Inc., Construction Engineering Consultants, Inc., Geomechanics, Inc., Jabille Development Corporation, Mascaro Incorporated, McMillen Engineering, Inc., P.C.**

Yezbak & Son, Inc., Penn Transportation Services, Inc., Ruprecht, Schroeder & Hoffman, Architects, S & R Restaurants, Inc., and Wendy's of Greater Pittsburgh, Inc.,

v.

Gustine Uniontown, Inc., the Gustine Company, Inc., BSW Architects, and Thor Concrete Construction, Inc.,

Appeal of: Construction Engineering Consultants, Inc.

Gustine Uniontown Associates, Ltd., a Pennsylvania Limited Partnership, by and through Gustine Uniontown, Inc., General Partner,

v.

Anthony Crane Rental, Inc., Anthony Crane Rental, L.P., Architectural Services Group, Inc., Construction Engineering Consultants, Inc., Geomechanics, Inc., Jabille Development Corporation, Mascaro Incorporated, McMillen Engineering, Inc., P.C. Yezbak & Son, Inc., Penn Transportation Services, Inc., Ruprecht, Schroeder & Hoffman, Architects, S & R Restaurants, Inc., and Wendy's of Greater Pittsburgh, Inc.,

v.

Gustine Uniontown, Inc., the Gustine Company, Inc., BSW Architects, and Thor Concrete Construction, Inc.,

Appeal of: Geomechanics, Inc.

Gustine Uniontown Associates, Ltd., a Pennsylvania Limited Partnership, by and through Gustine Uniontown, Inc., General Partner,

v.

Anthony Crane Rental, Inc., Anthony Crane Rental, L.P., Architectural Services Group, Inc., Construction Engineering Consultants, Inc., Geomechanics, Inc., Jabille Development Corporation, Mascaro Incorporated, McMillen Engineering, Inc., P.C. Yezbak & Son, Inc., Penn Transportation Services, Inc., Ruprecht, Schroeder & Hoffman, Architects, S & R Restaurants, Inc., and Wendy's of Greater Pittsburgh, Inc.,

v.

Gustine Uniontown, Inc., the Gustine Company, Inc., BSW Architects, and Thor Concrete Construction, Inc.,

Appeal of: Mascaro Incorporated

Gustine Uniontown Associates, Ltd., a Pennsylvania

Limited Partnership, by and through Gustine
Uniontown, Inc., General Partner,

v.

Anthony Crane Rental, Inc., Anthony Crane Rental, L.P., Architectural Services Group, Inc., Construction Engineering Consultants, Inc., Geomechanics, Inc., Jabille Development Corporation, Mascaro Incorporated, McMillen Engineering, Inc., P.C. Yezbak & Son, Inc., Penn Transportation Services, Inc., Ruprecht, Schroeder & Hoffman, Architects, S & R Restaurants, Inc., and Wendy's of Greater Pittsburgh, Inc.,

v.

Gustine Uniontown, Inc., the Gustine Company, Inc., BSW
Architects, and Thor Concrete Construction, Inc.,

Appeal of: Ruprecht, Schroeder & Hoffman, Architects.

Supreme Court of Pennsylvania.

Argued March 3, 2003.

Decided Feb. 17, 2004.

Robert Joseph Ray, Pittsburgh, Kelly Brooks Bakayza, Michael J. Cremonese, Carol Lynn Hesz, for Architectural Services Group, Inc.

Anthony S. Potter, Harrisburg, C. Grainger Bowman, for American Institute of Architects, et al.

Dolores Innamorato, Jeffrey Alan Ramaley, Pittsburgh, for Anthony Crane Rental, L.P.

Ralph A. Finizio, Robert Joseph Burnett, Pittsburgh, for Construction Engeneering Consultants, Inc.

Leo Gerald Daly, Bethann R. Lloyd, Franklin L. Bialon, Harrisburg, for GeoMechanics, Inc.

Thomas March Ferguson, Rochelle Reddick Koerbel, Robert J. Blumling, Pittsburgh, for Mascaro Incorporated.

Douglas Christopher, LaSota, William D. Clifford, Pittsburgh, for P.C. Yezbak & Son, Inc.

Peter Canavan Newberry, for Penn Transportation Services, Inc.

Ray Fredric Middleman, Wexford, for Ruprecht, Schroeder & Hoffman, Architects.

David Raves, Wexford, for BSW Architects.

Kevin John McKeon, Harrisburg, for Thor Concrete Construction, Inc.

Edward Bernardon Gentilcore, John Miles Tedder, Pittsbugh, for Gustine Uniontown Associates, Ltd. A Pennsylvania Limited Partnership.

Joseph J. Bosick, Martha Schaff Helmreich, Pittsbugh, for S&R Restaurants, Wendy's of Greater Pgh., Jabille Development.

Before CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, LAMB, JJ.

## *OPINION*

Justice CASTILLE.

The issue before this Court, which is one of first impression, is whether claims arising out of a written construction contract are subject to the Judicial Code's residual, or "catch-all," six-year period of limitations, *see* 42 Pa.C.S. § 5527, or the more specific four-year limitations period which applies to actions "upon a contract, obligation or liability founded upon a writing . . . ." *See id.* § 5525(a)(8). The lower courts here split on the issue: the trial court determined that the construction contract claims are subject to the four-year period of limitations, but the Superior Court reversed, holding that such claims are subject to the six-year limitation. For the reasons set forth below, we find that the appropriate limitations period is the four-year period provided in Section 5525(a)(8). Accordingly, we vacate the judgment of the Superior Court and remand to that court for proceedings consistent with this Opinion.

Appellee Gustine Uniontown Associates ("Gustine") owns the Cherry Tree Square Mall (the "Mall"), a retail shopping center in Fayette County, Pennsylvania. The Mall covers approximately thirty acres and contains various stores and shops. Construction of the Mall began in May 1992 and was substantially completed in September 1993. The Mall is built on land above a former coal mine. In 1991, before construction began, a soil subsurface investigation was completed and Gustine was advised of the existence of carbonaceous shale

layers in the ground, which often contain sulfide materials that may expand when exposed to moisture and oxygen. Gustine was further advised that structures built on carbonaceous shale are subject to possible damage in the form of heaving, buckling, and cracking due to the movement of the earth below the foundation.

Gustine contracted with appellant Architectural Services Group, Inc. (ASG) to design the site, to oversee the progress and the quality of the construction process, and to guard Gustine against construction defects or deficiencies in the work. Article 9.3 of the contract between ASG and Gustine provided that:

> Causes of action between the parties to this Agreement pertaining to acts or failures to act shall be deemed to have accrued and the applicable statutes of limitations shall commence to run not later than either the date of Substantial Completion for acts or failures to act occurring prior to Substantial Completion, or the date of issuance of the final Certificate for Payment for acts or failures to act occurring after Substantial Completion.

Contract, Art. 9.3. On September 8, 1993, ASG issued certificates declaring that each structure in the Mall had been substantially completed on a specific date between June and September of 1993.

Less than two years later, in April 1995, floor slabs in the Mall began to buckle or heave and cracks appeared in walls, sidewalks, and parking areas. By early 1998, movement or heaving had occurred in floor slabs of all buildings, sidewalks, and parking lots. Gustine employed several of the appellants to investigate the cause of the damage and to assess possible remedial actions. Thereafter, Gustine incurred substantial expenses to remediate the structural damage.

On July 30, 1999, Gustine initiated this action by writ of summons. On January 27, 2000, Gustine filed a complaint consisting of 357 paragraphs, naming 13 defendants and including 30 separate counts for breach of contract, breach of implied warranty, breach of duty to negotiate in good faith

and fair dealing, fraudulent misrepresentation, concealment, and professional negligence.[1] The complaint alleged that Gustine incurred remediation costs in excess of one million dollars as well as lost profits.

Appellants filed preliminary objections asserting that Gustine's breach of contract claims were barred by a four-year statute of limitations and that its fraud and negligence claims were barred by a two-year statute of limitations. Respecting the contract claims, appellants cited Section 5525(a)(8) of the Judicial Code, which provided as follows:

> (a) General Rule. Except as provided for in subsection (b), the following actions and proceedings must be commenced within four years:
>
> . . . .
>
> (8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5525(a)(8).[2] Gustine argued that the action was governed by the residual six-year statute of limitations set forth in Section 5527 of the Code, which applies when no other limitations period controls. Section 5527 provides that:

> Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531

---

1. Each of the original thirteen defendants had contracted with Gustine to perform some role in the initial subsurface investigation and/or subsequent construction of the Mall. Nine of those defendants are appellants in the instant consolidated appeals. Petitions for allowance of appeal were filed by six parties: ASG, P.C. Yezbak & Son, Inc., Construction Engineering Consultants, Inc., Geomechanics, Inc., Mascaro, Inc., and Ruprecht, Schroeder & Hoffman, Architects. Three additional parties joined the petition of ASG: Jabille Development Corp., S & R Restaurants, Inc., and Wendy's of Greater Pittsburgh, Inc.

2. The exception in subsection (b) is not relevant. The "writing" addressed in paragraph (7) is "a negotiable or nonnegotiable bond, note or other similar instrument in writing."

(relating to no limitation) must be commenced within six years.

*Id.* § 5527.

The trial court, per the Honorable R. Stanton Wettick, Jr., decided the preliminary objections on July 18, 2000, issuing both a published opinion on the statute of limitations questions and an unpublished memorandum disposing of the remaining preliminary objections. In the opinion, Judge Wettick concluded that, under the plain language of the Judicial Code, since the breach of contract claims arose from written agreements, a four-year period governed:

> The language of section 5525[ (a) ](8) could not be clearer: a single limitation period of four years governs actions upon any written contracts unless there is another limitation period specified in the subchapter. Furthermore, construction contracts involving real estate are not esoteric transactions that the legislature might have overlooked. Consequently, since no other subsection refers to written contracts for the construction of real estate, the legislature intended for these contracts to be governed by the four-year limitation period of section 5525.

*Gustine Uniontown Associates Ltd. v. Anthony Crane Rental Inc.,* 49 Pa. D. & C. 4th 233, 238–39 (Allegheny Co.2000). The court then entered an order directing that:

> (1) the six-year limitations period of 42 Pa.C.S. § 5527 does not govern any of plaintiff's causes of action;
>
> (2) plaintiff's actions based on a contract, including a contract implied in law, are governed by a four-year limitations period;
>
> (3) plaintiff's tort actions are covered by the two-year limitation period of 42 Pa.C.S. § 5524; and
>
> (4) defendants' requests [to] dismiss claims based on the statute of limitations are overruled because at this stage of the proceedings [the court] cannot determine whether the limitations periods were tolled through the discovery rule and/or the repair doctrine.

*Id.* at 242.[3]   The court's memorandum opinion, among other things, dismissed all claims against ASG. The court determined that Article 9.3 of the contract between Gustine and ASG was enforceable, that it fixed the accrual date for Gustine's claims as September 8, 1993, which was more than four years before the filing of the action, and that the accrual date was not subject to tolling.   Furthermore, the memorandum dismissed all counts of the complaint sounding in breach of the requirement of good faith and fair dealing.

Gustine requested certification of the court's orders for immediate appeal pursuant to Pa. R.A.P. 341(c).   That request was granted on September 14, 2000, with the trial court noting only that an immediate appeal would facilitate resolution of the entire case.   The Superior Court reviewed the propriety of the certification, ultimately accepted certification, and the panel issued a unanimous published opinion and order which affirmed in part, reversed in part, and remanded for proceedings consistent with the opinion. *Gustine Uniontown Associates, Ltd. v. Anthony Crane Rental, Inc.,* 786 A.2d 246, 248 (Pa.Super.2001).

The Superior Court affirmed the trial court to the extent that it held that a two-year limitations period was applicable to the claims sounding in fraud and negligence.   The panel reversed on the claims sounding in contract, however, holding that the six-year period in Section 5527, and not the four-year period provided in Section 5525(a)(8), applies to contract actions alleging latent real estate construction defects.   The panel noted that, prior to its amendment in 1982, the Judicial Code had provided a six-year limitations period for actions

---

**3.** Judge Wettick recognized that appellants were technically required to raise the statute of limitations defense in an answer as new matter rather than by preliminary objections. *See* Pa.R.C.P. 1028, 1030. Nevertheless, Judge Wettick considered the defense at this earlier stage because the parties had so suggested, as they recognized that the potential availability of the discovery rule or the repair doctrine to toll the limitations period would become a significant question to be litigated if a four-year, rather than a six-year, limitations period was found to be applicable.   No issue is presented concerning the propriety of ruling on the claims at the earlier juncture.   Nor is there any issue concerning the claims deemed subject to a two-year limitations period.

"upon a contract, obligation or liability founded upon a bond, note or other instrument in writing." The panel viewed the 1982 legislation as intending to simplify various statutes of limitations by, among other things, reducing the limitations period for contracts actions to four years, while also establishing Section 5527's six-year "catchall" provision for actions not otherwise specifically addressed. Nevertheless, the panel concluded that the residual limitations period governed this action, which involves written real estate construction contracts.

In concluding that actions upon real estate construction contracts were exempt from the operation of Section 5525, the panel deemed it notable that, although subsection (a)(1) of amended Section 5525 explicitly states that contract actions "for the sale, construction or furnishing of tangible **personal** property or fixtures" are subject to the four-year period, neither subsection (a)(1) nor any other of the subsections in Section 5525 "expressly" addresses contracts for the sale or construction of **real** property. 786 A.2d at 253 (emphases suggested by panel). The panel dismissed without discussing the notion that subsection (a)(8)'s broad reference to "[a]n action upon a contract" was intended to apply to construction contracts for homes and commercial real estate. The panel found further significance in the fact that the Judicial Code provides a five-year period of limitations for an "action for specific performance of a contract for sale of real property." *Id.* at 253–54 (*quoting* 42 Pa.C.S. § 5526(2)). In the panel's view, the General Assembly could not have intended the "absurd result" that an action for specific performance be subject to a longer period of limitations than a breach of contract action alleging latent defects in the construction of real estate. *Id.* at 254.

The panel also deemed it significant that the Superior Court had "historically" held that contracts for the construction of homes and commercial real estate were not contracts for "sale" governed by the Uniform Commercial Code's four-year period of limitations. In this analysis, the panel heavily relied upon the Superior Court's earlier panel decision in *Romeo & Sons, Inc. v. P.C. Yezbak & Son, Inc.,* 421 Pa.Super. 333, 617

A.2d 1320 (1992), *affirmed on other grounds,* 539 Pa. 390, 652 A.2d 830 (1995), noting that it was in "full agreement" with the *Romeo* panel's finding that "policy principles and considerations of fairness and legal and ethical responsibilities" support application of a six-year period of limitations to actions arising from construction contracts. The panel elaborated upon the considerations identified in *Romeo* as follows:

> These considerations include the frequently complex, costly and permanent nature of real estate construction projects as well as the legislature's lack of specific language in the statute which would expressly apply a four-year limitations period to contract actions for the construction of real estate. To the reasons given for a more generous limitations period we would add, the difficulty in ascertaining presumptive responsibility for construction defects or failures, as well as the inevitable delays involved in negotiations for, and performing attempts at remediation or repair. Thus, we hold that contract actions alleging latent real estate construction defects are governed by the six-year statute of limitations set forth by the legislature at 42 Pa.C.S. 5527.

*Gustine,* 786 A.2d at 254. It bears noting that, although the panel recognized the general, controlling principle that legislative intent is to be gleaned from the very words of the statute in the absence of ambiguity, the panel never stated that it found Section 5525(a)(8) to be ambiguous, before invoking considerations such as "policy," "fairness" and "legal and ethical responsibilities" in construing the provision. *Gustine,* 786 A.2d at 254. In explaining its ultimate mandate, the panel recognized that, in addition to contesting the trial court's determination of the applicable statutes of limitations, Gustine's certified appeal also included a challenge to the trial court's merits determination that ASG was entitled to an outright dismissal of the contract claims on statute of limitations grounds. The trial court had determined that Article 9.3 of the contract between Gustine and ASG was enforceable and fixed the accrual date for Gustine's claims as September 8, 1993. Applying the four-year period of limitations, and deeming the period not to be subject to tolling in light of Article 9.3,

the trial court found the claims to be time-barred. The Superior Court noted that, since it had found that a six-year limitations period applied to the contract claims, it did not need to address "the propriety of the [trial] court's enforcement of Article 9.3" *Id.* at 255.[4]

Since the reasoning in the Superior Court panel decision in *Romeo* was an important part of the reasoning of the panel below, some preliminary review of that case is appropriate. *Romeo* involved a dispute arising from a 1979 contract to build a warehouse/office building. Despite the fact that both the contract and the cause of action accrued before the 1982 amendments to Sections 5525 and 5527, the Superior Court panel analyzed the case under the amendments. At issue before the *Romeo* panel was whether the action was governed by Section 5527's new, residual six-year period or by the four year period provided in Section 5525(a)(1), which governs actions "upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures."[5] The *Romeo* panel noted that the Superior Court had for some time recognized that "the identification of structural defects in a seasonable fashion is oftentimes difficult" and therefore had embraced the "more realistic and reasonable" six-year period of limitations. The panel concluded that the nature of building construction required retention of a six-year period of limitations even after the 1982 amendments to the Judicial Code removed the explicit statutory basis for deeming contract actions in general to be subject to the longer period:

> In the interest of fair play and in light of the expected long-term life span of a house and/or commercial structure and the builder's attendant ethical and legal responsibilities to

---

**4.** The trial court had specifically reserved ruling on the ultimate merits of the statute of limitations defense as to the other appellants (apparently there was no equivalent to the Article 9.3 clause in those contracts), since it recognized that various tolling doctrines might apply in those instances.

**5.** The Superior Court panel in the case *sub judice* did not note, and perhaps did not realize, that *Romeo* involved Section 5525(a)(1), not Section 5525(a)(8), which is at issue here.

its customer, we find the purchaser and his investment must be afforded the six years of protection provided by section 5527. To find otherwise would be grossly unfair to the buyer, who routinely expends large sums of money in the hope of securing a structurally and financially sound investment. Therefore, we find the statute of limitations applicable to the construction contract controversy with which we are faced is section 5527, Six year limitation.

617 A.2d at 1323. The *Romeo* panel, like the panel in the matter *sub judice,* made no explicit predicate finding of statutory ambiguity before resorting to principles of policy or "fairness" in determining how to read the amendments to Sections 5525 and 5527.[6]

The precise issue on this appeal is whether the Superior Court erred in holding that the residual six-year statute of limitations is applicable to actions upon written real estate construction contracts claiming latent defects. Questions of statutory interpretation are questions of law, as to which this Court's review is plenary. *Sahutsky v. H.H. Knoebel Sons,* 566 Pa. 593, 782 A.2d 996 (2001); *Hazleton Area School District v. Zoning Hearing Bd.,* 566 Pa. 180, 778 A.2d 1205 (2001).

Although appellants have filed individual briefs, their arguments are overlapping and, for ease of discussion, we will outline them collectively. First, appellants submit that the Superior Court's reliance upon the prior panel decision in *Romeo* is misplaced because the *Romeo* panel ignored the statutory language in favor of a public policy analysis, ulti-

---

**6.** The Superior Court panel in the case *sub judice* recognized that, although this Court later affirmed the panel decision in *Romeo,* we did so on entirely different grounds. This Court, in a unanimous opinion, held that the *Romeo* panel incorrectly applied the amended version of the statute because the contract cause of action at issue there accrued before those 1982 amendments were adopted. 652 A.2d at 832. Applying the plain language of the previous version of the relevant provisions, this Court held that since the case involved an "action upon a contract," it was governed by the six-year period which expressly governed contract actions. We went on to note that we "express no opinion regarding the wisdom" of the *Romeo* panel's conclusion that the "interest of fair play" would have required the same result under the 1982 amendments. *Id.* at 832–33.

mately choosing a period of limitations based upon what the panel thought was most "fair." In contrast, appellants emphasize, when this Court affirmed in *Romeo*, we looked to the plain language of the prior version of the statute and held that construction contracts were governed by the statutory provision addressing "[a]n action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing." Appellants note that the amended statute uses the very same language concerning contracts based upon writings, the only difference being that such actions are now explicitly governed by a four-year period of limitations. Appellants submit that this Court's construction of statutory language materially identical to the language at issue here as encompassing actions arising from construction contracts eviscerates the Superior Court panel's reasoning in *Romeo*.

Appellants further argue that the Superior Court's holding is contrary to other decisions from both this Court and the Superior Court, which have held that the four-year period of limitations applies to contract actions not otherwise subject to a specific period of limitations. *See, e.g., Crouse v. Cyclops Industries*, 560 Pa. 394, 745 A.2d 606, 610 (2000) (action sounding in promissory estoppel; "as promissory estoppel makes otherwise unenforceable agreements binding, the doctrine sounds under contract law and we hold that, like other contract actions, the statute of limitations for a cause of action in promissory estoppel is governed by § 5525"); *Packer Society Hill Travel Agency, Inc. v. Presbyterian University of Pennsylvania Medical Center*, 430 Pa.Super. 625, 635 A.2d 649, 652 (1993) (action based upon breach of written travel agreement; following 1982 amendment to Code, "the statute of limitations applicable to all actions on contracts not under seal is uniform. The period of limitations is four years.").[7]

---

7. Appellants also cite decisions of the Courts of Common Pleas and federal district courts in Pennsylvania, to similar effect. *See, e.g., Monoski v. Gates*, 12 Pa. D. & C. 4th 314, 315–16 (Snyder Co.1991) ("This case appears to involve claims for latent defects in construction. Thus, the applicable statute of limitations is four years from the time that the injured party becomes aware, or by exercise of reasonable diligence should have become aware, of the defect."); *In re Joshua Hill, Inc.*, 199 B.R. 298, 326 (E.D.Pa.1996) (analyzing *Romeo* decisions: "We

Appellants further argue that the panel erred as a matter of statutory interpretation because Section 5525(a)(8) is clear and unambiguous. Since the construction contract claims here derive from a written contract, and no other limitations period applies, appellants argue that the four-year period set forth in Section 5525(a)(8) plainly controls. Appellants maintain that the panel erred in engaging in statutory construction, rather than effectuating the plain language of the statute. This is particularly so because the panel never made the necessary predicate finding that the statute was ambiguous. Furthermore, appellants note that the Superior Court has previously determined that Section 5525(a)(8) is "free from ambiguity." *See Packer Society Hill Travel Agency*, 635 A.2d at 651. Appellants argue that the panel issued a decision that merely substituted its own judgment for that of the General Assembly on the public policy question of what would be a "better" statute of limitations in this instance.

Appellants also dispute the Superior Court's conclusion that the statutory scheme would be absurd if construction contract actions were subject to a four-year period of limitations, given that an action for specific performance of a real estate sales contract is subject to a five-year window. Appellants argue that the difference in limitations periods is not absurd because, *inter alia,* Pennsylvania recognizes the discovery rule and the repair doctrine in breach of contract actions.[8] Thus, in those actions, the limitations period does

therefore may safely conclude that claims arising from written contracts generally, including those concerning real property, are governed by the four-year limitation period of § 5525[ (a) ](8)."), *rev'd in part on other grounds*, 151 F.3d 1025 (3rd Cir.1998).

8. The discovery rule is a judicially created device that tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct. The complaining party must use reasonable diligence to discover the cause of an injury. *Crouse,* 745 A.2d at 611. While this Court has approved of the discovery rule, it has not definitively accepted or rejected the repair doctrine. That doctrine, however, has found considerable acceptance in the Superior Court. Under the repair doctrine, the applicable statute of limitations will be tolled where the evidence reveals that repairs were attempted; representations were made that

not begin to run until the plaintiff should have reasonably discovered the defect, or until repairs, which the plaintiff relied upon to cure the defects, cease. In contrast, the statute of limitations for specific performance of a real estate sales contract is not subject to tolling. Appellants argue that, since there is flexibility in application of the limitations period in breach of contract actions which is not present when specific performance is at issue, affording a longer presumptive period for specific performance claims is perfectly rational.

Finally, appellants argue that the Superior Court's interpretation will trigger a "crisis" as it inevitably will generate disputes over which types of contracts qualify as "contracts for construction." For example, appellants note that Gustine based its suit upon many different types of contracts in this litigation, including contracts for architectural, geotechnical, engineering, and testing services, and query whether these too are to be deemed construction contracts subject to the six-year limitations period. Also unclear is whether the Superior Court's holding is intended to apply only to those claims involving latent construction defects. Appellants argue that the Superior Court's seemingly *ad hoc* public policy determination will serve as a catalyst for an unending list of judicial "exceptions" to a defined statutory period of limitations.

Gustine responds that the Superior Court decision here is correct as a matter of statutory construction, and particularly as a matter of public policy. Gustine submits that, at least in the context of actions upon real estate construction contracts, Section 5525(a)(8) is ambiguous. Gustine notes the conflicting conclusions of the courts below, as well as the Superior Court's "historical" view that construction contracts are subject to a six-year limitations period, and argues that the fact that the statute has proven to be susceptible to multiple, reasonable interpretations *ipso facto* proves its ambiguity. Notwithstanding the absence of an express finding of ambigui-

the repairs would cure the defects; and the complaining party relied upon such representations. *Amodeo v. Ryan Homes, Inc.*, 407 Pa.Super. 448, 595 A.2d 1232, 1237 (1991) (adopting repair doctrine in Pennsylvania); *see also Keller v. Volkswagen of America, Inc.*, 733 A.2d 642, 646 (Pa.Super.1999).

ty by the panel below, Gustine also suggests that the panel in fact "correctly determined" that the statute is ambiguous and, therefore, it was "entirely correct" in engaging in statutory construction and in ultimately applying the "historically enforced six year period of limitations" to Gustine's claims sounding in "latent construction deficiencies." As a matter of statutory construction, Gustine argues, the Superior Court correctly determined that historical and public policy considerations weigh in favor of applying a six-year statute of limitations to real estate construction contract disputes involving latent defects. On the question of policy, Gustine's analysis echoes that of the panel below and the Superior Court panel in *Romeo*.

Gustine also objects to any suggestion by the various appellants that Section 5525(a)(8) is a general provision applying to all contracts except those specifically addressed elsewhere. Gustine submits that, in determining whether an ambiguity exists, courts cannot look at Section 5525(a)(8) in isolation, but must look to the entire limitations period construct which includes, *inter alia*, other provisions in the same subchapter of the Judicial Code. *See, e.g.*, 42 Pa.C.S. §§ 5521–31. Gustine notes that there are other, longer limitations periods specifically applicable to certain types of contract actions. *See id.* § 5526 (action for specific performance of contract for sale of real property subject to five year limitation); *id.* § 5529 (action upon instrument in writing under seal subject to twenty year limitation).

Gustine further notes that statutory provisions outside the Judicial Code, but which address subjects *in pari materia*, provide purchasers of certain types of real property with a full six years to bring a claim for structural defects. *See* Brief of Appellee, 23 (*citing* Pennsylvania Condominium Law, 68 Pa. C.S. § 3101 *et seq.*, Planned Community Law, 68 Pa.C.S. § 5301 *et seq.*, and Cooperative Law, 68 Pa.C.S. § 4101 *et seq.*). In Gustine's view, this treatment of actions involving certain types of real estate construction contracts suggests that the General Assembly intended that all such claims be subject to a six-year limitations period, which was properly

accomplished in this case by the Superior Court's deeming the latent construction defect claims to be subject to the catchall provision. Gustine argues that it would be contrary to public policy to deem the construction industry subject to two different periods of limitation depending upon the type of structure being built. By the same token, Gustine argues that a question of "unequal treatment" would arise if citizens who build on their own, such as Gustine, were afforded a shorter period of limitations than is available to persons who contract to build real estate as part of a condominium or other group association. Gustine also notes that the Condominium Law, Planned Community Law, and Cooperative Law all were passed after the Superior Court panel decision in *Romeo*. Gustine views this fact, and the fact that the General Assembly has not undertaken to amend Section 5525 in the wake of *Romeo*, as legislative confirmation that the General Assembly approved the Superior Court's conclusion that Section 5527's six-year limitations period governs real estate contract actions involving latent construction defects.

Finally, Gustine argues that the discovery rule and the repair doctrine fail to adequately protect parties finding themselves in Gustine's circumstances. Gustine notes that the fact that appellants have not conceded that its claims are timely under those doctrines proves its point. Gustine argues that the extra two years "historically" provided to initiate construction contract actions provides a certainty to consumers that is not mirrored in either the discovery rule or the repair doctrine. Moreover, Gustine notes that architectural entities such as appellant ASG routinely include contractual provisions such as is included in Paragraph 9.3 of the ASG contract in an attempt to preclude application of such equitable tolling doctrines. Gustine argues that it is disingenuous of ASG to defend a four-year limitations' period by touting the availability of equitable tolling doctrines on one hand, while claiming the doctrines are foreclosed on the other.

The matter has been ably briefed and is ripe for decision. Preliminarily, we note that there are strong policy judgments behind the enactment of statutes of limitation.

The purpose of these limitation periods is "to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." *Insurance Co. of North America v. Carnahan,* 446 Pa. 48, 284 A.2d 728, 729 (1971). In light of the important purpose served by limitations periods, this Court has held that statutes of limitation are to be strictly construed. *See, e.g., Bonfitto v. Bonfitto,* 391 Pa. 187, 137 A.2d 277, 278 (1958).

The General Assembly has directed in the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.,* that the object of interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. §§ 1903(a); 1921(a). *See also Pantuso Motors, Inc. v. Corestates Bank, N.A.,* 568 Pa. 601, 798 A.2d 1277, 1281–82 (2002). "Generally speaking, the best indication of legislative intent is the plain language of a statute." *Commonwealth v. Gilmour Manufacturing Co.,* 573 Pa. 143, 822 A.2d 676, 679 (2003) (*citing Bowser v. Blom,* 569 Pa. 609, 807 A.2d 830, 835 (2002)). The Act directs that, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b); *see also Scheipe v. Orlando,* 559 Pa. 112, 739 A.2d 475, 478 (1999). Under Section 1921(c), it is only when the words of a statute "are not explicit" that a court may resort to other considerations in order to ascertain legislative intent. Consistently with the Act, this Court has repeatedly recognized that rules of construction are to be invoked only when there is an ambiguity. *Commonwealth, Dept. of Transp. v. Taylor,* 576 Pa. 627–30, 841 A.2d 108, 111–12 (Pa.2004), 2004 WL 86273, at 3–4 (Pa. Jan.20, 2004); *Hannaberry HVAC v. Workers' Compensation Appeal Bd.,* 834 A.2d 524, 531 (Pa. 2003); *O'Rourke v. Commonwealth, Dep't of Corrections,* 566 Pa. 161, 778 A.2d 1194, 1201 (2001); *Ramich v. WCAB (Schatz Electric, Inc.),* 564 Pa.656, 770 A.2d 318, 322 (2001). *See also Pennsylvania Financial Responsibility Assigned Claims Plan v. English,* 541 Pa. 424, 664 A.2d 84, 87 (1995) ("Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words."); *In*

*re Kritz Estate,* 387 Pa. 223, 127 A.2d 720, 723 (1956) ("[R]ules of statutory construction . . . are not to be used to create doubt but only to remove it."). Additionally, as this Court recently reaffirmed, "absent constitutional infirmity, the courts of this Commonwealth may not refuse to enforce on grounds of public policy that which the legislature has prescribed." *Pantuso Motors,* 798 A.2d at 1283 (citations omitted).

Gustine is correct that not all contract actions are governed by Section 5525(a)(8), since that subsection itself includes a proviso recognizing that certain contract actions may be "subject to another limitation provided in this subchapter." Moreover, there are, in fact, other provisions governing actions upon contracts, such as actions for specific performance of a contract for the sale of real property. *See* 42 Pa.C.S. § 5526(2). However, this narrow point is of little avail to Gustine because, as the trial court properly recognized, the plain language of Section 5528(a)(8) is clear and unambiguous: if the proviso concerning other limitations periods is not applicable, then the four-year rule set forth in 5525(a)(8) controls contract actions based upon a writing. This lawsuit in fact is just such a contract action and it is undisputed that there is no other specific statutory provision affording a longer period of limitations for actions upon real estate construction contracts, or latent defects in construction. There is no ambiguity in the statute upon its face, when read in conjunction with the other limitations provisions in the Judicial Code, or when read in conjunction with other limitations provided in other statutes, such as the Condominium Law, the Planned Community Law, or the Cooperative Law. Again, Section 5528(a)(8) specifically contemplates that there may be exceptions to the four-year, general contract action rule set forth. Implicit in such a legislative classification is a conclusion that, where as here, the proviso is not implicated, the four-year rule itself controls.

The fact that Section 5525(a)(8) does not explicitly mention contracts for the sale or construction of real property—a point deemed important by the panel below, *see* 786 A.2d at 253,

254—does not render the statute ambiguous or inapplicable. The General Assembly was not obliged to enumerate all possible actions upon written contracts that would be subject to the amended provision. Instead, the Assembly spoke in broad terms—just as it had in the prior version of the statute which provided a six-year period of limitations for contract actions—while leaving the door open for specific statutory exceptions. When no such exception exists, the general rule controls. There is nothing ambiguous in such a construct. *See Taylor*, at 628–30, 841 A.2d at 112, 2004 WL 86273, at 4 (construing statutory privilege set forth in 75 Pa.C.S § 3754(b) in context of criminal case; "the fact that the statute does not 'explicitly state' that it applies to criminal cases does not clothe the statute in ambiguity. The statute speaks in the broadest of terms . . .; such global language obviously encompasses criminal proceedings no less than civil proceedings. There is no ambiguity."). Moreover, it is notable that the panel below did not explain the manner in which the very same general language could be deemed to encompass real estate construction contracts before the statute was amended, but not thereafter—merely because the period of limitations afforded had changed.

The error in the approach of the Superior Court is clear. Like the earlier Superior Court panel in *Romeo*, the panel in the case *sub judice* decided a question of statutory interpretation based upon public policy concerns, without any predicate finding of statutory ambiguity. The fact that the previous version of the statute provided a six-year period of limitations for actions upon written contracts, while the amended statute made those very same actions subject to a four-year period, is no basis for a finding of ambiguity. Presumably, the General Assembly intended precisely what this change effected: to establish a degree of standardization in limitations periods.[9] We agree that as a policy matter a

9. Prior to the 1982 amendments, the statutory construct provided that written contracts were subject to a limitations period of six years, 42 Pa.C.S. § 5527(2)(1980), while sales contracts, oral contracts, contracts relating to the furnishing of fixtures, and contracts implied in law were

colorable argument can be made that defects in construction take longer to reveal themselves than the factual bases for some other causes of action, including other contract actions premised upon writings. But we do not dispute that the General Assembly could make the rational determination that a uniform general rule affording some measure of predictability is appropriate. The Assembly also could consider that existing equitable doctrines may operate to toll the limitations period and afford sufficient flexibility to capture the case where an injustice might otherwise result. The balancing of such "policy concerns" is the essence of the legislative process. Absent ambiguity or constitutional infirmity, it is not the place of this Court or the Superior Court to substitute its own balancing of equities in order to determine what limitations period is most "fair." *See Taylor, supra,* at 630–32, 841 A.2d at 113, 2004 WL 86273, at 5 ("Absent a valid constitutional objection . . . it is not our role to second-guess th[e] legislative judgment."); *Pantuso Motors, supra.*

The emphasis of the panel below, the panel in *Romeo,* and appellee here on the "historical" approach to construction contracts also does not justify ignoring the plain language of the statute. Prior to 1982, the Judicial Code explicitly provided a six-year period for actions upon written contracts. The "history" thus reflected the statutory command. The statute now commands a different period, and the courts are not empowered to simply ignore today's superseding reality. We cannot accept the notion that the opinion of the day before yesterday must still be deemed the law today, irrespective of intervening and controlling circumstances. *See Stewart v. Martinez–Villareal,* 523 U.S. 637, 647–48, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (Scalia, J., dissenting) (citation omitted).

Enforcement of the plain language of Section 5525(a)(8), moreover, does not lead to an absurd or unreasonable result merely because other contract actions are subject to a more

subject to a limitations period of only four years. *Id.* § 5525(1980). The 1982 amendments abolished this distinction and now treat all contracts "founded upon a writing" the same, *i.e.,* subject to a four-year statute of limitation.

extended limitations period. It is within the province of the General Assembly to fix the appropriate limitations period for various actions. Moreover (again absent constitutional infirmity), it is a fruitless enterprise for a court to attempt to determine which of two facially legitimate periods is the more reasonable. From the defense perspective, it may be that the five-year period provided for actions seeking specific performance of a real estate contract is unreasonable, since most other contracts are subject to a four-year period. It is just as easy to frame the "disparity" as saying that actions for specific performance are afforded too much time, as it is to say that actions upon real estate construction contracts are afforded too little.

▮ For the foregoing reasons, we hold that, except in circumstances where another limitations period explicitly applies, an action upon a written contract, including a contract for the construction of real estate such as is at issue here, is subject to the four-year period of limitations explicitly provided under Section 5525(a)(8). Accordingly, the order and judgment of the Superior Court is vacated and the matter is remanded to that court for further proceedings not inconsistent with this opinion, including a determination of Gustine's other properly-preserved appellate claims.

Justice EAKIN did not participate in the consideration or decision of this case.

Former Justice LAMB did not participate in the decision of this case.