**[J-45-2019] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 68 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 801 MDA 2017 dated |
| | : | April 19, 2018 Affirming the Judgment |
| v. | : | of Sentence of the Mifflin County |
| | : | Court of Common Pleas, Criminal |
| | : | Division, at No. CP-44-CR-0000506- |
| MICHAEL A. MOCK, | : | 2016 dated May 1, 2017. |
| | : | |
| Appellant | : | ARGUED: May 14, 2019 |

**DISSENTING OPINION**

**JUSTICE WECHT**                                    **DECIDED: November 20, 2019**

Both Opinions issued by my learned colleagues here invoke the plain language of 75 Pa.C.S. § 3806.[1] Yet, the two reach contrary conclusions. Notwithstanding their putative reliance upon the assertedly unambiguous language of this section, both opinions resort ultimately to tools of statutory construction in order to bolster their competing interpretations. These interpretive efforts alone lend substantial support to my conclusion that Section 3806 of the Vehicle Code is materially ambiguous.

Unlike my colleagues, I am at a loss to discern the intended meaning of "prior offense" as used in 75 Pa.C.S. § 3806(b)(1). Accordingly, I feel bound to apply the rule of lenity, affording Michael Mock the benefit of a favorable construction of the ambiguous statute. On this basis, I would reverse the order of the Superior Court. Hence, this respectful dissent.

---

[1] *See* Maj. Op. at 9; Diss. Op. at 1 (Donohue, J.).

Section 3806 provides, in relevant part, as follows:

**(a) General rule.**--Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

> \* \* \*

**(b) Timing.**--

> (1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), the prior offense must have occurred:

>> (i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or

>> (ii) on or after the date of the offense for which the defendant is being sentenced.

> (2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.

> (3) If the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior offenses within the meaning of this subsection.

75 Pa.C.S. § 3806.[2]

---

[2] As amended in 2016, this statute is now in its fourth iteration. For ease of discussion, I will refer to the prior versions by the year of their enactment or amendment. The "2003 Version" of the statute was enacted on September 30, 2003, P.L. 120, No. 4, § 16, and was effective between February 1, 2004 and November 28, 2004. The "2004 Version" followed an amendment on November 29, 2004, P.L. 1369, No. 177, § 4, and was effective between November 29, 2004 and December 25, 2014. The "2014 Version" followed an amendment on October 27, 2014, P.L. 2905, No. 189, § 1, and was effective between December 26, 2014 and May 24, 2016. Finally, the "2016 Version" followed an

With regard to any driving under the influence ("DUI") case to which Section 3806 applies, there are three dates of potential significance. First is the date of *commission* of the crime: when the motorist drives while intoxicated.[3] Second is the date of *conviction*: when the motorist pleads or is found guilty by the fact-finder.[4] Third is the date of *sentencing*: when the judgment of sentence is imposed.[5] The challenge we confront in this case is determining which of these dates the General Assembly intended when it used the term "prior offense" in subsection 3806(b)(1). That subsection provides a method for determining, *inter alia*, whether two offenses fall within a ten-year period, thus triggering a sentence enhancement for repeat DUI offenders.

Because "prior offense" is given an express statutory definition in subsection (a), this is a natural place to begin. The Majority takes for granted that the definition of "prior offense" under subsection (a) refers to the second potential date—the date of conviction. *See* Maj. Op. at 9. However, subsection (a) provides that a "prior offense" is "any conviction *for which judgment of sentence has been imposed*." 75 Pa.C.S. § 3806(a) (emphasis added). This definition, as revised in the 2016 Version, refers to the third date of potential significance—the date of sentencing. Until the defendant is sentenced, his conviction cannot be one "for which judgment of sentence has been imposed," so as to constitute a "prior offense" under subsection (a).

---

amendment on May 25, 2016, P.L. 236, No. 33, § 5, and has been effective since May 25, 2016.

[3] *See, e.g.*, 75 Pa.C.S. § 3806(b)(1)(i)-(ii) (2016 Version) (referring to "the date of the offense for which the defendant is being sentenced").

[4] *See, e.g.*, 75 Pa.C.S. § 3806(b) (2014 Version) (referring to "any conviction, whether or not judgment of sentence has been imposed").

[5] *See, e.g.*, 75 Pa.C.S. § 3806(a) (2016 Version) (referring to "any conviction for which judgment of sentence has been imposed").

For present purposes, however, the most significant portion of subsection (a) is its prefatory clause, which tells us that its definition of a "prior offense" applies everywhere in Chapter 38 of the Vehicle Code, "[e]xcept as set forth in subsection (b)." 75 Pa.C.S. § 3806(a). Although I believe that this statute is ambiguous, this much of it is clear. Subsection (a) plainly states that its definition of "prior offense" does not apply in subsection (b). Yet, despite this clear directive, the Majority holds directly to the contrary, reasoning that "the definition provided in subsection (a) is incorporated into the use of the term in subsection (b)." Maj. Op. at 15.

Respectfully, the Majority's conclusion conflicts not only with the language of the statute, but also with this Court's decision in *Commonwealth v. Haag*, 981 A.2d 902, 907 (Pa. 2009) (reasoning that, "[b]y opening subsection (a) with the phrase '[e]xcept as otherwise[6] set forth in subsection (b),' the legislature expressly directed that subsection (b) overrides the application of subsection (a) in circumstances" where subsection (b) applies). Although the Majority acknowledges *Haag*'s rationale, it suggests that *Haag* "is not particularly instructive" in the instant case because the 2016 Version of the statute "eliminates this conflict between subsections (a) and (b) and any need for one definition to completely override the other." Maj. Op. at 11. This is error. Indeed, to the contrary, the "except as set forth in subsection (b)" language upon which *Haag* relied remains extant, and still "expressly direct[s] that subsection (b) overrides the application of subsection (a)" in this context. *Haag*, 981 A.2d at 907. By disregarding this "deliberate use of a common exception phrase," *id.*, the Majority places the subsections directly in conflict. The only resolution of this conflict is to give no effect to the prefatory language

---

6       This passage from our opinion in *Haag* erroneously included the word "otherwise" in its quotation of the operative language in subsection (a). The minor misquotation was immaterial to the *Haag* Court's rationale, and does not bear upon *Haag*'s applicability to this case.

of subsection (a), which renders it mere surplusage, in violation of our principles of statutory interpretation.[7]  For this reason, the Majority's reading of "prior offense" in subsection (b) is untenable.

The Majority's interpretation is not without its virtues.  It certainly would be sensible for the legislature to provide a uniform definition of "prior offense" throughout the statutory scheme, in order to avoid precisely the type of confusion that the instant case has revealed.  Perhaps the General Assembly intended to do so, and merely neglected to remove the "common exception phrase" from subsection (a) in its latest revision.  *Haag*, 981 A.2d at 907.  Nonetheless, because such an assumption requires us to disregard a clear statutory directive, it cannot drive our interpretation.

Justice Donohue's interpretation—that "prior offense" in subsection (b) refers to the date of commission of the DUI—avoids the conflict with subsection (a) that the Majority leaves unresolved.  Justice Donohue's reading allows for a sensible method of calculation, measuring commission-to-commission rather than an "apples and oranges" comparison between other significant dates in the criminal process.  A commission-to-commission calculation is particularly appealing because it sets dates certain, which not only reflect the defendant's actual engagement in the conduct subject to punishment, but also remain fixed and not subject to manipulation through, for example, either party's use of continuances to delay conviction or sentencing, and thus to stretch or compress the ten-year "lookback" period.

Nonetheless, Justice Donohue's interpretation, like the Majority's, is not apparent from the face of the statute.  As discussed above, subsection (a) gives the phrase "prior offense" a specific definition applicable everywhere in Chapter 38 of the Vehicle Code,

---

[7]    *See* 1 Pa.C.S. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions.").

"[e]xcept as set forth in subsection (b)." 75 Pa.C.S. § 3806(a). Subsection (b) does not provide a new definition. In order to discern the meaning of the conspicuously undefined phrase, Justice Donohue places significant emphasis upon the use of the word "occurred" in conjunction with "prior offense." *See* Diss. Op. at 3 (Donohue, J.). In Justice Donohue's view, subsection (b) directs a court "to see whether the first offense 'occurred' within ten years prior to the date of the occurrence of the current DUI." *Id.* (emphasis omitted).

I question whether the word "occurred" can carry the weight asked of it. All three potentially significant dates "occur" at some point. One might say that a defendant's violation of the DUI laws *occurred* on one date, a finding of guilt *occurred* on another date, and sentencing *occurred* on a third date. If "prior offense" means, as the Majority concludes, the date of conviction, then there is nothing inherently incongruous about saying that the prior offense "occurred" on the date that the defendant was found guilty by the judge or the jury. The use of the word "occurred," thus, sheds little light upon the meaning of the term "prior offense" as it appears in subsection (b).

It is perplexing that the General Assembly provided a particular definition of widespread applicability in subsection (a), yet intended that defined phrase to carry a distinct meaning in the very next subsection—and in that subsection only—without providing a new definition therein. Nonetheless, that is precisely what the legislature has done. Absent an applicable definition, we cannot be certain what the legislature intended a "prior offense" to be for purposes of subsection (b), whether it be commission, conviction, or sentencing. A clear and unambiguous statute, as both the Majority and Justice Donohue claim that this is, should not require such Herculean labors of interpretation. At the very least, gleaning the meaning of ostensibly plain language should not require resort to the former versions of the statute—a tool of statutory construction to be employed only where statutory language is ambiguous. *See* 1 Pa.C.S. § 1921(c)(5)

(providing that, where "the words of the statute are not explicit," a court construing the ambiguous language may consider "[t]he former law, if any, including other statutes upon the same or similar subjects"); *Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc., L.P.*, 842 A.2d 334, 346-47 (Pa. 2004) ("Under Section 1921(c), it is only when the words of a statute "are not explicit" that a court may resort to other considerations in order to ascertain legislative intent. Consistently with the Act, this Court has repeatedly recognized that rules of construction are to be invoked only when there is an ambiguity.").

Unlike my learned colleagues, I do not find the prior versions of Section 3806 to be particularly illuminating. As Justice Donohue concisely summarizes, Section 3806's "lookback" period has been subject to substantial legislative tinkering. *See* Diss. Op. at 7-9 (Donohue, J.). The 2003 Version measured from the "conviction" to the date that the "present violation occurred," *i.e.*, *conviction-to-commission*. The 2004 Version was the same in that regard. The 2014 Version measured from the "conviction, whether or not judgment of sentence has been imposed for the violation," to "the sentencing on the present violation," *i.e.*, *conviction-to-sentencing*. That additional language in the 2014 Version made abundantly clear that the earlier date was the date of conviction, and not the date of sentencing. Now, in the 2016 Version, the beginning date for the calculation is the "prior offense," left undefined by virtue of subsection (a)'s express exclusionary language, but even if interpreted according to subsection (a)'s definition would refer to sentencing and not to conviction, unlike all of the statute's earlier versions.[8] Because each potentially significant date—commission, conviction, and sentencing—previously

---

[8] *Compare* 75 Pa.C.S. § 3806(b) (2014 Version) ("The calculation of prior offenses . . . shall include any *conviction, whether or not judgment of sentence has been imposed* for the violation") (emphasis added), *with* 75 Pa.C.S. § 3806(a) (2016 Version) ("Except as set forth in subsection (b), the term 'prior offense' as used in this chapter shall mean any *conviction for which judgment of sentence has been imposed* . . . .") (emphasis added).

has been utilized in the ten-year calculation, the statute's history, in my view, merely signals that the General Assembly has struggled to select a calculation methodology, or at least has found it difficult to express its intent clearly.

The present version of Section 3806 is ambiguous. Accordingly, and because Section 3806 is a penal statute, I would feel bound to apply the rule of lenity, and would afford Mock the benefit of a favorable construction for purposes of the instant case. *See Commonwealth v. Booth*, 766 A.2d 843, 846 (Pa. 2001) ("[W]here ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favorable to the accused. More specifically, where doubt exists concerning the proper scope of a penal statute, it is the accused who should receive the benefit of such doubt.") (citation omitted). Accordingly, I would reverse the order herein. I encourage the General Assembly to revisit Section 3806 again, because its repeated attempts to clarify its intention have resulted in a statute that lacks the clarity necessary for consistent and just application.

I respectfully dissent.