Wendy J. Andersen & another[1] *vs.* Francisco G. Lopez & another.[2]

No. 10-P-241.

Suffolk. November 12, 2010. - November 15, 2011.

Present: McHugh, Sikora, & Fecteau, JJ.

*Limitations, Statute of. Conflict of Laws. Practice, Civil,* Choice of forum.

In a civil action brought by Maine residents against residents of Massachusetts, arising from an accident that occurred in a province in Canada, the applicable Massachusetts statute of limitations applied, where Massachusetts had an interest in application of its own statute in a case involving Massachusetts residents using a vehicle purchased in Massachusetts and insured by a Massachusetts insurer, and where the Canadian province had no discernible interest in setting the time by which nonresidents must resolve their dispute in a foreign court. [814-818]

Civil action commenced in the Superior Court Department on April 22, 2009.

A motion for summary judgment was heard by *Linda E. Giles,* J.

A proceeding for interlocutory review was heard in the Appeals Court by *Grainger,* J.

*John G. Ryan* for the defendants.

*Steven T. Blackwell,* of Maine, for the plaintiffs.

McHugh, J. This is a negligence action brought in the Superior Court by Maine residents, Wendy and James Andersen, against Massachusetts residents, Francisco and Sandra Lopez, as a result of an accident that occurred on a ferry in New Brunswick, Canada. The plaintiffs commenced the action two years and nine months after the accident occurred, by which time the two-year New Brunswick statute of limitations for tort claims had

---

[1]James H. Andersen.

[2]Sandra L. Padellaro, now known as Sandra P. Lopez.

expired. Asserting that the New Brunswick statute controlled, the defendants filed a motion for summary judgment seeking dismissal of the action. A judge of the Superior Court denied the motion. We affirm.

*Background.* Viewed in the light most favorable to the plaintiffs, *Green* v. *Harvard Vanguard Med. Assocs.*, 79 Mass. App. Ct. 1, 2 (2011), the summary judgment record shows that the plaintiffs and defendants were in a group of motorcyclists who set out from Maine for Deer Island, New Brunswick. In the New Brunswick town of St. George, they drove their motorcycles onto a ferry that was to take them to the island. As they were parking in designated spaces on the ferry, the defendants' motorcycle fell against the plaintiffs', causing the injuries that led to the suit.

As noted, by the time the plaintiffs commenced this action, the two-year New Brunswick statute of limitations had expired. See New Brunswick Limitation of Actions Act, R.S.N.B. 1973, c. L-8, Part I, 5 (1). The defendants, who live in Massachusetts, bought their motorcycle here, and are insured by a Massachusetts insurer,[3] raised expiration of the statute as an affirmative defense when they answered the complaint and, later, moved for summary judgment on the same basis. The plaintiffs countered by urging that the governing statute was not found in the laws of New Brunswick but instead in G. L. c. 260, § 2A,[4] which gives a plaintiff three years to bring a tort claim. After a hearing, a judge of the Superior Court agreed and denied the defendants' motion. The defendants applied for and received permission to take an interlocutory appeal, see G. L. c. 231, § 118, first par., and this appeal followed.

*Discussion.* We review summary judgment orders de novo to determine "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been

---

[3]On this record, the contacts between the defendants and Maine, where the plaintiffs reside, have not been fully developed and neither party argues that the six-year Maine statute of limitations is applicable. See Me. Rev. Stat. Ann. tit. 14, § 752 (West 2009).

[4]General Laws c. 260, § 2A, as amended by St. 1973, c. 777, § 1, provides that "[e]xcept as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."

established and the moving party is entitled to a judgment as a matter of law." *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991). Here, the focus of our inquiry is on whether the Massachusetts statute of limitations is applicable, in which case the plaintiffs' action may proceed, or whether the New Brunswick statute applies and bars the claim because it was filed too late.

Massachusetts uses a "functional approach" to determine the applicable statute of limitations when Massachusetts is the forum State and the action has connections to other States. See *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co.*, 419 Mass. 658, 660 (1995). See also *Nierman* v. *Hyatt Corp.*, 441 Mass. 693, 695 (2004). This functional approach "responds to the interests of the parties, the States involved, and the interstate system as a whole." *Reisch* v. *McGuigan*, 745 F. Supp. 56, 59 (D. Mass. 1990), quoting from *Bushkin Assocs.* v. *Raytheon Co.*, 393 Mass. 622, 631 (1985). See *Nierman, supra* at 695; *Shamrock Realty Co.* v. *O'Brien,* 72 Mass. App. Ct. 251, 255 (2008).

The functional approach is embodied in the Restatement (Second) of Conflict of Laws § 142 (Supp. 1989), as amended in 1988, which provides, in material part, that "[i]n general, unless the exceptional circumstances of the case make such a result unreasonable . . . [t]he forum will apply its own statute of limitations permitting the claim unless: (a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence."[5,6] In other words, Massachusetts will apply its own statute of limitations to allow the action to proceed unless

---

[5] In its entirety, § 142 states:

"Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:

"(1) The forum will apply its own statute of limitations barring the claim.

"(2) The forum will apply its own statute of limitations permitting the claim unless: (a) maintenance of the claim would serve no substantial

some exceptional circumstances about the case make it unreasonable to do so or unless, after analyzing the interests of Massachusetts and New Brunswick, allowing the action to proceed would serve no substantial Massachusetts interest, and New Brunswick has a more significant relationship to the parties and the accident than does Massachusetts. In assessing those interests, we focus only on the interests that bear on the statute of limitations. See *Kahn* v. *Royal Ins. Co.*, 429 Mass. 572, 574 (1999); *Nierman*, 441 Mass. at 696, quoting from *Stanley* v. *CF-VH Assocs.*, 956 F. Supp. 55, 59 (D. Mass. 1997) (interests "are necessarily related and should be evaluated 'with some sensitivity' to one another").

Massachusetts has an interest in application of its own statute because the defendants are Massachusetts residents, made the trip on a vehicle they purchased in Massachusetts, and are insured by a Massachusetts insurer. Thus, their motorcycling activity and the protection they purchased to guard against financial losses that activity might cause are centered in Massachusetts. By enacting a three-year statute, the Legislature has determined that three years is an appropriate balance between the length of time its citizens should remain accountable for the consequences of their negligent conduct and the protection they need against "protracted exposure to liability." *Nierman, supra* at 698. See generally *Cosme* v. *Whitin Mach. Works, Inc.*, 417 Mass. 643, 649 (1994); *Dasha* v. *Adelman*, 45 Mass. App. Ct. 418, 426-427 (1998). Cf. *Nierman, supra* at 697. Indeed, the Legislature's election not to protect its citizens by "borrowing" shorter limita-

---

interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence."

[6]Section 6 of the Restatement (Second) of Conflict of Laws (1971) provides in part:

"[T]he factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied."

tions periods from other States when shorter periods are available, see G. L. c. 260, § 9; *New England Tel. & Tel. Co.* v. *Gourdeau Constr. Co.*, 419 Mass. at 663, emphasizes the interest Massachusetts has in allowing the three-year period to run its course.[7]

The interest just described, while significant, is likely insufficient to push aside all others that might be proffered in hypothetical cases. Here, though, no significant countervailing interest appears. To be sure, New Brunswick has an interest in ensuring compliance within its borders of the standards of behavior its tort law embodies and that interest may give New Brunswick an interest in the extraterritorial application of its tort law. But New Brunswick has no discernible interest in setting the time by which two nonresidents must resolve their disputes in foreign courts, even when those disputes concern the way the nonresidents interacted with each other while they were in New Brunswick. Particularly is that so when the record does not reveal any New Brunswick witnesses to the accident or any New Brunswick medical provider who rendered aid to the plaintiffs. Failure to apply the New Brunswick statute of limitations to this dispute, therefore, would not undermine the policies of a State "having a more significant relationship to the parties and the occurrence." Restatement (Second) of Conflict of Laws, *supra* at § 142.

*Nierman*, on which the defendants heavily rely, is not to the contrary. There, Massachusetts residents made a reservation through a local travel agent to stay at a Hyatt hotel in Dallas, where the plaintiff was injured by the negligence of a hotel employee. Hyatt, a Delaware corporation with a principal place of business in Chicago, owned at the time at least one hotel in Massachusetts. The plaintiffs commenced suit against Hyatt three years after the accident occurred. Hyatt defended by asserting that their claim was barred by a two-year Texas statute of limitations. The Supreme Judicial Court agreed. See *Nierman*, 441 Mass. at 697-698.

The critical distinction between this case and *Nierman* is that

---

[7]A "corresponding interest advanced by a statute of limitations, the protection of local courts against the prosecution of stale claims, is not at stake here," *Nierman*, 441 Mass. at 698 n.8, because, under the Massachusetts statute, claims become "stale" a year after they do under the New Brunswick statute.

Hyatt, the nonresident defendant, owned and operated the Dallas hotel where the injury occurred. That hotel employed Texans, presumably including the employee whose negligent conduct caused the accident and for whose conduct Hyatt was vicariously liable. The plaintiffs had chosen to go to Dallas and to stay in Hyatt's hotel. The two-year statute represented a balance the Texas Legislature had struck between "the need of its citizens[, and those who operated businesses within its borders,] to redress injuries and their right to be protected from protracted exposure to liability." *Id.* at 698. Under those circumstances, the court said, although "Massachusetts has a general interest in having its residents compensated for personal injuries suffered in another State . . . [i]t cannot be said . . . that its interest in the timeliness of such an action is more compelling than that of Texas." *Id.* at 697.

Here, as stated, both parties had only a fleeting relationship with New Brunswick, and New Brunswick has no interest in determining the time by which they must begin resolving their differences in a Massachusetts court. As a result, no exceptional circumstances in this case make it unreasonable for the forum (Massachusetts) to apply its own statute of limitations permitting the claim the plaintiffs have brought.[8]

> *Order denying motion for summary judgment affirmed.*

---

[8]Indeed, a hypothetical set forth in comment g of § 142 of the Restatement posits an accident in State Y involving domiciliaries of State X and State Z, and an ensuing negligence claim that would be barred by the Y limitations statute but not by the X or Z statutes. The Restatement text suggests that it would be appropriate for a court of either X or Z to entertain the claim. Here, the limitations periods of Massachusetts and Maine, where the parties are domiciled, would permit the claim to proceed, see note 3, *supra*, but jurisdictional considerations may make Maine an inaccessible forum. Nevertheless, insofar as the interests underlying the limitations statutes are concerned, the comment is fully applicable here.