**Nicola MUKARKER, Plaintiff,**

v.

**CITY OF PHILADELPHIA; Philadelphia International Airport; and Otis Elevator Co., Defendants.**

**Civil Action No. 16–10355–PBS**

United States District Court,
D. Massachusetts.

Signed 03/02/2017

Graeme Scott Ridgeway Brown, Brown Law Firm, LLC, Belmont, MA, for Plaintiff.

Joanne B. Zobbi, Kevin D. McElaney, O'Malley and Harvey, LLP, Waltham, MA, for Defendants.

## MEMORANDUM AND ORDER

Saris, Chief Judge.

## INTRODUCTION

Plaintiff Nicola Mukarker fell and injured his shoulder while riding a moving walkway between terminals during a layover at Philadelphia International Airport. Plaintiff filed this diversity action against Otis Elevator Company based on negligent maintenance (Count I)[1] and strict product liability (Count II). Defendant now moves for summary judgment on both counts. On Count I, Defendant argues that the negligence claim is barred by Pennsylvania's two-year statute of limitations for tort claims. On Count II, Defendant argues that it cannot be strictly liable because it did not design, manufacture, sell, distribute, or install the moving walkway.

After hearing argument, the Court **AL-LOWS** the Motion for Summary Judgment on Count I on the ground it is time-barred. The Court **DENIES** summary judgment on Count II without prejudice to renewal after limited discovery.

## FACTUAL BACKGROUND

When all reasonable inferences are drawn in Plaintiff's favor, the following facts are treated as undisputed except where stated.

Plaintiff is a 67–year old Massachusetts resident. On January 15, 2013, Plaintiff had a layover at Philadelphia International Airport while returning to Massachusetts from the Dominican Republic. Plaintiff planned, booked, and paid for his trip in Massachusetts. When attempting to exit a moving walkway (designated as "C17") at the airport, Plaintiff fell over a stuck luggage cart that blocked the walkway exit. As a result, Plaintiff suffered a "traumatic massive rotator cuff tendon tear." Docket No. 41, Ex. A, ¶ 8. Plaintiff received medical care, paid for by his state insurer: MassHealth.

Defendant is a New Jersey corporation with its principal place of business in Connecticut. Defendant regularly conducts business in both Massachusetts and Penn-

---

1. The City of Philadelphia and Philadelphia International Airport were also named as defendants on Count I. The Court allowed the city's and the airport's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). See Docket No. 21. Defendant did not join the motion to dismiss.

sylvania and maintains a registered agent in both states. Defendant was responsible for maintenance of the moving walkway when Plaintiff tripped. The City of Philadelphia Procurement Department solicited bids for the facility maintenance contract that governs maintenance of the moving walkway in question. Docket No. 33, Ex. F. Defendant has submitted an affidavit that it did not manufacture, design, distribute, sell, or install the moving walkway. Docket No. 33, Ex. E, ¶ 5. Plaintiff seeks discovery on this assertion. Docket No. 41–3.

Plaintiff filed suit in Middlesex Superior Court on January 13, 2016. Docket No. 1, Ex. A. The case was removed to this Court on February 22, 2016. Docket No. 1.

## DISCUSSION

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To succeed on a motion for summary judgment, the moving party must demonstrate that there is an "absence of evidence supporting the non-moving party's case." Sands v. Ridefilm Corp., 212 F.3d 657, 661 (1st Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. Quinones v. Houser Buick, 436 F.3d 284, 289 (1st Cir. 2006). A genuine issue exists where the evidence is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). A material fact is "one that has the potential of affecting the outcome of the case." Calero–Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). In its review of

the evidence, the Court must examine the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. Sands, 212 F.3d at 661. Ultimately, the Court is required to "determine if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. (quotation marks omitted).

### I. Statute of Limitations on Negligence Claim

 This motion presents a choice of law question: which state's statute of limitations applies to Plaintiff's negligence claim, Massachusetts or Pennsylvania? Because this Court is sitting in diversity, it must apply the forum state's choice of law analysis. See Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 4 (1st Cir. 2004). The forum state, Massachusetts, uses the choice of law analysis from the Restatement (Second) of Conflict of Laws. See Nierman v. Hyatt Corp., 441 Mass. 693, 808 N.E.2d 290, 292 (2004) (citing Restatement (Second) of Conflict of Laws § 142 (Supp. 1989)). The Restatement sets forth a two-pronged analysis:

Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:

(1) The forum will apply its own statute of limitations barring the claim.

(2) The forum will apply its own statute of limitations permitting the claim unless:

(a) maintenance of the claim would serve no substantial interest of the forum; and

(b) the claim would be barred under the statute of limitations of a state having a more significant relation-

ship to the parties and the occurrence.

Restatement (Second) of Conflict of Laws § 142 (Supp. 1989). As reframed by the Supreme Judicial Court: "Stated in affirmative terms, a forum should apply its own statute of limitations permitting the claim if it would advance a substantial forum interest and would not seriously impinge upon the interests of other states." Nierman, 808 N.E.2d at 292 (internal quotation marks omitted) (citing Restatement (Second) of Conflict of Laws § 142 (Supp. 1989)). A court must "consider (1) whether Massachusetts has a substantial interest in permitting the claims to go forward and (2) whether [the non-forum state] has a more significant relationship to the parties and negligence claim." Id. at 293. In navigating the prong two analysis, the "substantial interest" test is conducted "with some sensitivity" to the "most significant relationship" test. See Stanley v. CF–VH Assocs., Inc., 956 F.Supp. 55, 59 (D. Mass. 1997) (citing Restatement (Second) of Conflict of Laws § 142, cmt. e (Supp. 1989)).

Both parties agree that Massachusetts' statute of limitations did not run before Plaintiff filed suit, so the analysis is under Section 142's second prong. Defendant argues that Pennsylvania's two-year statute of limitations for tort claims, 42 Pa. Cons. Stat. §§ 5524(2),(7), applies to Plaintiff's negligence claim, because Pennsylvania has a more significant relationship to the claim and Massachusetts has, at most, a generic interest in the claim. Specifically, Defendant argues that Pennsylvania was the site of the injury, the location of the alleged negligence, and the walkway is maintained by employees working from an office in Pennsylvania.

Plaintiff replies that a Massachusetts court would apply Massachusetts' three-year statute of limitations, Mass. Gen. Laws ch. 260, § 2A, because the state has a substantial interest in his claim. Plaintiff emphasizes that applying Massachusetts' three-year statute of limitations would serve the Commonwealth's economic interest because MassHealth (a state health insurer) paid for Plaintiff's significant medical expenses.

Nierman is the key case on point. In Nierman, the married plaintiffs, Massachusetts domiciliaries, filed suit in Massachusetts more than two years after the wife suffered an injury at a Hyatt hotel in Texas. Texas' two-year statute of limitations had run. Massachusetts' connections to the case were its role as forum state and the plaintiffs' domicile. The site of the injury and the alleged negligent acts took place in the non-forum state. Hyatt was not domiciled in Texas or Massachusetts, but it operated in both states. The employees closest to the incident were in Texas. In Nierman, the Court held that there were more substantial connections to Texas, and found that Massachusetts' interest was limited to the "general interest in having its residents compensated for injuries suffered in another State." 808 N.E.2d at 293–94. So too here.

In an attempt to distinguish Nierman, Plaintiff argues that Massachusetts has a substantial interest because it provides his health insurance. In some cases, courts have considered the economic interest of Massachusetts in recouping benefits under prong two of Section 142. See Elliston v. Wing Enterprises, Inc., 146 F.Supp.3d 351, 354 (D. Mass. 2015) (Saylor, J.) (applying Massachusetts' statute of limitations in a product liability action, in part, because the Commonwealth likely would recoup some of plaintiff's state workers' compensation benefits via subrogation). See also Andersen v. Lopez, 80 Mass.App.Ct. 813, 957 N.E.2d 726, 729 (2011) (applying Massachusetts' statute of limitations where

motor vehicle accident occurred in Canada but defendants lived in Massachusetts and were insured by a Massachusetts insurer).

The test, though, is not just whether Massachusetts has its own economic interest in having its citizens compensated so that it can recoup health benefits, but whether another state has a "closer connection" than Massachusetts. In two unpublished opinions, the Massachusetts Appeals Court held that the financial implications of workers' compensation and other Massachusetts laws did not give the forum state a substantial interest to overcome a more significant relationship to the claim. See Lynch v. Stop & Shop Supermarket Co., LLC, 84 Mass.App.Ct. 1118, 996 N.E.2d 500 (Mass. App. Ct. 2013) (applying Pennsylvania's statute of limitations although plaintiff received a Massachusetts workers' compensation settlement and medical treatment in Massachusetts); Gonzalez v. Johnson, 76 Mass. App.Ct. 1103, 918 N.E.2d 481 (2009) (applying Connecticut's statute of limitations although the social and financial implications of the plaintiff's injury might be felt most strongly in Massachusetts).

■ The court must follow the walkway provided by Nierman. Although Massachusetts may have a financial interest in recouping health benefits paid by MassHealth, its interest falls short when compared to Pennsylvania's. There are "strong policy judgments" underlying Pennsylvania's statute of limitations. Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc. L.P., 577 Pa. 14, 842 A.2d 334, 346 (Pa. 2004). Pennsylvania's statute of limitations is designed to "expedite litigation" and "discourage delay," purposes Pennsylvania courts deem sufficiently important to strictly construe statutes of limitations. Id. (citing Ins. Co. of N. America v. Carnahan, 446 Pa. 48, 284 A.2d 728, 729 (1971); see also Cunning-

ham v. Ins. Co. of N. America, 515 Pa. 486, 530 A.2d 407, 409 (1987) ("at some point, claims should be laid to rest so that security and stability can be restored to human affairs"). Furthermore, Pennsylvania has the most significant relationship to the claim as the site of the injury and the state where the alleged negligent maintenance was performed. Pennsylvania's two-year statute of limitations applies in this case and Count I is time barred. Thus, summary judgment on Count I is **AL-LOWED**.

II. Strict Liability

■ Defendant put forth evidence that it did not manufacture the C17 moving walkway. See Docket No. 33, Ex. F. Defendant also submitted an affidavit stating on information and belief that it did not design, distribute, install, or sell the C17 moving walkway. See Docket No. 33, Ex. E, ¶ 6. The magistrate judge stayed discovery on this issue. Targeted, proportional discovery will be permitted with respect to the assertions in the affidavit. Thus, summary judgment on Count II is **DE-NIED** as premature.

## ORDER

For the foregoing reasons, the Court **ALLOWS** the Motion for Summary Judgment (Docket No. 31) on Count I. The Court **DENIES** the Motion for Summary Judgment (Docket No. 31) on Count II without prejudice to Defendant renewing its motion after limited discovery.