Leena CHOKSI and Vikas
Choksi, Plaintiffs,

v.

Rupal TRIVEDI, et. al., Defendants.

CIVIL ACTION NO. 16–12340–WGY

United States District Court,
D. Massachusetts.

Signed 04/04/2017

Leena Choksi, Lakewood, WA, pro se.

Vikas Choksi, Lakewood, WA, pro se.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

For the reasons set forth below, the Court (i) grants the plaintiffs' motions for leave to proceed in forma pauperis; (ii) directs the plaintiffs to show cause why this action should not be dismissed; and (iii) denies the plaintiffs' motions for appointment of counsel.

## I. Background

On November 18, 2016, Leena Choksi ("Leena") and her adult son Vikas Choksi ("Vikas"), filed a self-prepared complaint in which they allege that three individuals—Anantvijay Trivedi ("Anantvija"), Dharmista Trivedi ("Dharmista"), and their daughter Rupal Trivedi ("Rupal") were responsible for the sexual exploitation and abuse of Vikas in 1988. At that time, Vikas was 15 years old and all the parties lived in India. Presently, the plaintiffs live in Washington state and Rupal lives in Lowell Massachusetts. The plaintiffs acknowledge that Rupal's mother, Dharmista, is deceased. See Compl. at 7, ¶ 3. Public media reports suggest that Anantvijay passed in September 2016.[1]

According to the allegations in the complaint, which the Court assumes to be true for purposes of present review of the sufficiency of the pleading, all three defendants manipulated Vikas to have a sexual relationship with Rupal, notwithstanding that he did not want to. Rupal was less than a year older than Vikas and he viewed her as a sister rather than as a romantic inter-

---

1. See "Obituary for Anantvijay M. Trivedi" on the website of Driscoll Funeral Home, available at http://driscollfuneralhome.tributes.com/obituary/read/Anantvijay-M.-Trivedi-103904293 (last visited Mar. 27, 2017). In light of this document, the Court will assume that Anantvijay is deceased. However, the plaintiffs are free to rebut this assumption.

est. Vikas was uncomfortable when Rupal started to make advances to him, and sought advice from Rupal's father, whom Vikas thought of as a "guru." Anantvijay told Vikas that there was nothing wrong with Rupal and Vikas being sexually intimate and that sexual relationships bring enlightenment. Reluctantly, Vikas had sexual intercourse with Rupal on two occasions, believing that it was a religious exercise and that it would be a "sin" to not follow the directions of Rupal's father. Vikas's mother was unaware of the situation at the time.

In 1989 Rupal and her parents immigrated to the United States. At some point, Vikas and his mother immigrated to the United States. As an adult, he had a car accident in the United States which resulted in him undergoing a psychological evaluation. During this process, he realized for the first time that Rupal and her family abused and harmed him and that the sexual relationship into which he had been manipulated had nothing to do with religion or karma. He also understood that he had been suffering from Post Traumatic Stress Disorder from these events that happened in his childhood.

After this discovery, Vikas shared with his family what had happened between him and Rupal. His mother then understood why he had changed from a "happy go lucky" child to one that was no longer emotionally close to his family, why his personality had changed, why his memory and concentration had declined, and why he had dropped out of medical school.

The plaintiffs seek damages in the amount of $10 million. They invoke the Court's diversity subject matter jurisdiction. In the body of the complaint and in separate motions, the plaintiffs seek appointment of counsel.

## II. Discussion

### A. Motion for Leave to Proceed <u>In Forma Pauperis</u>

Upon review of the plaintiffs' motions for leave to proceed <u>in forma pauperis</u>, the Court concludes that they are without income or assets to pay the $400.00 filing fee. The motions are therefore granted.

### B. Screening of the Action

■ When a plaintiff is allowed to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. This statute authorizes federal courts to dismiss a complaint <u>sua sponte</u> if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2).In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se. <u>See Haines v. Kerner</u>, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

For the reasons set forth below, the plaintiffs have failed to state a claim upon which relief may be granted.

#### 1. Choice of Law

■ Because the plaintiffs' action does not arise under federal law, the Court must consider which law it should apply in determining the sufficiency of the complaint. A federal court sitting in diversity jurisdiction must employ the choice-of-law principles of the forum state. <u>See Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).Thus, the Court looks to Massachusetts conflicts law to determine what law should apply. In choice of law matters, Massachusetts "look[s] to [its] established 'functional' choice of law principles and to

the Restatement (Second) of Conflict of Laws [1971] [("Restatement")], with which those principles generally are in accord." Hodas v. Morin, 442 Mass. 544, 549, 814 N.E.2d 320 (2004). More specifically, in regards to the instant action, the Court must inquire what law concerning the statute of limitations and the survival of an action would apply.

## 2. Statute of Limitations

■ Under the "functional" choice of law principles, a Massachusetts court will apply its own statute of limitations unless "(a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." Andersen v. Lopez, 80 Mass.App.Ct. 813, 815, 957 N.E.2d 726 (2011) (quoting Restatement (revised 1988)).

■ Both prongs of this test are met in this case. Massachusetts does not have an interest in application of its own statute of limitations because all of the alleged misconduct occurred in India decades ago when all the parties resided in that country. The only reason the action can be brought in Massachusetts is because the defendants happen to live here presently.

Further, under Indian law, the claim is time-barred. India's Limitation Act, 1963 (No. 36 of 1963),[2] contains a schedule of the period of limitations for certain enumerated torts, the most applicable of which is for "an illegal, irregular or excessive distress." The Limitation Act, 1963 (No. 36 of 1963) (Schedule Item No. 79).The time for filing an action for this tort is one year from the date of distress. See id. The Limitation Act also contains a three-year period of limitations for torts that are not specifically mentioned therein, which time period is calculated from when the right to sue accrues. See id. (Schedule Item No. 113). Under either of these periods of limitations, the plaintiffs' claims are untimely.[3]

## 3. Survival of Actions

■ Moreover, the claims against Anantvijay and Dharmista, the parents of Rupal are subject to dismissal because the claims did not survive the death of these defendants. As noted above, the plaintiffs acknowledge that Dharmista is deceased and it appears that Anantvijay has also passed. Thus, for purposes of this memorandum and order, the Court will assume that the plaintiffs are attempting to assert claims against the estates of Anantvijay and Dharmista.[4]

The plaintiffs have not alleged that, under Indian law, claims against Anantvijay and Dharmista for their conduct in the 1980's would survive their death decades later.

Under the Restatement, "[t]he law selected by application of the rule of § 145 determines whether a claim for damages for a tort survives the death of the tortfea-

---

**2.** Available at http://lawmin.nic.in/ld/P-ACT/1963/A1963-36.pdf (last visited Apr. 3, 2017).

**3.** Even assuming, arguendo, that the relevant period of limitation did not commence until the plaintiffs realized that the defendants conduct was wrongful, the plaintiffs have not identified the date of that event. Further, they represent in a letter filed in another federal court in July 2016 that.they had been speaking with attorneys for two to three years at that point. See Choksi v. Trivedi, C.A. No. 16–05600–RBL (W.D. Wash. July 7, 2016) (Docket Entry No. 2–1 at 2).

**4.** "[A] complaint brought against a deceased person cannot be maintained because it is, 'in truth, brought against nobody.'" White v. Helmuth, 45 Mass.App.Ct. 634, 635 n.2, 700 N.E.2d 300 (1998) (quoting Chandler v. Dunlop, 311 Mass. 1, 15, 39 N.E.2d 969 (1942)).

sor or of the injured person." Restatement § 167. In turn, Section 145 of the Restatement provides the general principle applicable to torts, and § 146 provides a principle applicable to causes of action involving personal injury. See Cosme v. Whitin Mach. Works, Inc., 417 Mass. 643, 646–47, 632 N.E.2d 832 (1994). In regards to choice of law for tort actions, the relevant considerations are:

    (a) the place where the injury occurred,

    (b) the place where the conduct causing the injury occurred,

    (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

    (d) the place where the relationship, if any, between the parties is centered.

Restatement § 145(2). In an action for personal injury,[5] "the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship ... to the occurrence and the parties." Restatement § 146.

■ Applying the principles set forth in these two sections, it is clear that the last of India, rather than the law of Massachusetts, should be applied in determining whether the defendants' alleged conduct gives rise to a cause of action by the plaintiff. The injury and the conduct causing the injury occurred in India. All the parties were domiciled in India at the time of the relevant events occurred in India. The parties' relationship to each other centers around India, notwithstanding the fact that they all presently reside in India.

India's law concerning the survival of actions bars the claims against Anantvijay and Dharmista. Under India's Legal Representatives Suits Act, 1855, as amended by the Limitation Act, 1963, an action may be maintained against the executor or representative of an estate for wrongs committed within one year before the death of the alleged wrong-doer.[6] Because the complaint concerns alleged events decades before the deaths of Anantvijay and Dharmista, the plaintiffs cannot pursue claims against their estates.

## C. Motions for the Appointment of Counsel

■ Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases. The Court must rely on attorneys who volunteer to provide their services on a pro bono basis. To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers, 949 F.2d at 23.

■ Here, there are no exceptional circumstances that would justify the appoint-

---

**5.** As used in the Restatement, a " 'personal injury' may involve either physical harm or mental disturbance, such as fright and shock, resulting from physical harm or from threatened physical harm or other injury to oneself or to another." Restatement § 146 cmt. b.

**6.** Under the Legal Representatives' Suits Act, 1855:

    [A]n action may be maintained against the Executors or Administrators or Heirs or Representatives of any person deceased for any wrong committed by him in his life time for which he would have been subject to an action, so as such wrong shall have been committed within one year before such person's death ....

The Legal Representatives' Suits Act, 1855 (No. 12 of 1855) (emphasis added), available through http://indiacode.nic.in/ (last visited Apr. 3, 2017).

ment of pro bono counsel. As explained above, the plaintiffs have failed to state a claim upon which relief may be granted. While the Court will give the plaintiffs an opportunity to object to that conclusion, it is not apparent that the defects identified by the Court can be cured. Accordingly, the motions for appointment of counsel are DENIED.

## ORDER

Accordingly:

1. The motions for leave to proceed in forma pauperis are GRANTED.

2. The motion for appointment of counsel are DENIED.

3. The plaintiffs are ordered to show cause, within thirty-five (35) days, why this action should not be dismissed for the reasons set forth above. Failure to do so will result in dismissal of the action.

SO ORDERED.