J-S66017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KATHERINE M. STRAIT, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CRAIG SCHILLING, | : | |
| | : | |
| Appellant | : | No. 263 MDA 2014 |

Appeal from the Order Entered January 31, 2014,
In the Court of Common Pleas of Cumberland County,
Domestic Relations Division, at No. 00669 S 2002 and
PACSES No. 639104710.

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 17, 2014**

Appellant, Craig Schilling ("Schilling"), appeals *pro se* from the order entered on January 31, 2014, in the Cumberland County Court of Common Pleas that granted the petition to enforce an award of attorney's fees filed by the appellee, Katherine M. Strait ("Strait").[1]  We affirm.

The relevant facts and procedural history of this matter were set forth by the trial court in its opinion as follows:

> The Pennsylvania Superior Court correctly referred to this matter as a "long and tortured case" in a memorandum opinion filed January 3, 2007.[2] Since 2007, this case has only become longer and more tortured as the parties continue to litigate over child support. In fact, Strait and Schilling have been engaged in continuous litigation over support for their one child since 2002.

---

[1] Katherine M. Strait was formerly known as Katherine M. Johnson and Katherine M. Wetzel.

For the relevant facts to this appeal, we must go back to 2007. Specifically, the Pennsylvania Superior Court in [a] memorandum opinion dated January 3, 2007, (No. 1452 MDA 2005) granted [Strait's] Petition for Counsel Fees and remanded the case back to the lower court for a determination of the amount of legal fees owed by [Schilling]. Accordingly, a hearing was held before the Honorable Kevin A. Hess, to determine the amount of attorney's fees [Schilling] owed to [Strait] for the period of July 27, 2005, until January 2007.[3] During that time frame in June 2005, [Schilling] appealed the denial of his exceptions in the support case to the Superior Court.[4] In July 2005, [Schilling] petitioned this Court for a retroactive modification of the support order, which he also appealed to the Superior Court after it was denied. It was for this second appeal that [Strait] was entitled to attorney's fees.[5] On April 16, 2007, President Judge Hess ordered that [Schilling] pay $4,000 in attorney's fees to [Strait].[6] [Schilling] then appealed that Order to the Superior Court.

[3] *See* Order of Court, filed Jan. 17, 2007; see also Notes of Testimony, in Re: Transcript of Proceedings, March 27, 2007, 2, filed Jun 15, 2007 (hereinafter N.T. 2007 at ).

[4] N.T. 2007 at 3[.]

[5] N.T. 2007 at 3[.]

[6] Order of Court, In Re: Attorney's Fees, filed April 16, 2007[.]

Around the same time that this Court was determining the attorney's fees, [Strait] filed a Petition for Modification of an Existing Support Order on April 5, 2007. Following a hearing before the Support Master, it was determined [Schilling] earned less than [Strait] and could not have a support obligation

-2-

entered against him. The previous support order was vacated and neither party owed future support to the other.[7] [Schilling], however, was still responsible for arrears. [Strait] filed exceptions on September 18, 2007, and Schilling filed exceptions on October 8, 2007.

> [7] *See* Interim Order of Court and Support Master's Report and Recommendation, filed Aug. 28, 2007[.]

At this time, the parties attempted to come to an agreement regarding the exceptions and the 2007 Attorney's Fees Order, which was on appeal to the Superior Court.[8] [Strait] admitted that after the death of her son in 2007, she considered waiving the 2007 Attorney's Fees Order after [Schilling] approached her about settling the whole matter.[9] In fact, [Strait] had her attorney, Bradley L. Griffie, Esquire, prepare a formal document to dispose of all pending legal matters, including the 2007 Attorney's Fees Order. While [Strait] did sign the document,[10] [Schilling] refused to sign.[11] [Schilling] informed [Strait] that he was going to prepare a document himself for the parties to sign in order to waive the 2007 Attorney's Fees Order and dispose of the other outstanding legal matters. However, [Schilling] never prepared any such document.[12] After negotiations ended, [Strait] felt that neither party was going to do anything about the 2007 Attorney's Fees Order, but that it was there if she ever needed to pursue it.[13]

> [8] Notes of Testimony In Re: Hearing on Attorney's Fees, II, Dec. 18, 2013 (hereinafter N.T. 2013 at ___)[.]
>
> [9] N.T. 2013 at 12-13[.]
>
> [10] N.T. 2013 at 11-12[.]
>
> [11] N.T. 2013 at 12[.]
>
> [12] N.T. 2013 at 12[.]
>
> [13] N.T. 2013 at 12.

[Schilling] maintains that it was [Strait] who first approached him about resolving their legal issues, including the 2007 Attorney's Fees Order for attorney's fees.[14] He introduced several emails between the parties showing their willingness and attempts to dispose of both the support exceptions and the appeal of the 2007 Attorney's Fees Order. [Schilling] testified that an oral agreement was reached between the parties, which included vacating the 2007 Attorney's Fees Order.[15]

[14] N.T. 2013 at 23[.]

[15] N.T. 2013 at 30-31[.]

In consideration of these ongoing negotiations, [Strait] requested additional time to file briefs on her exceptions. On November 1, 2007, another extension for the parties to file briefs on their exceptions was granted. The parties were given until the end of November 2007 to file briefs. On November 16, 2007, an order was entered pursuant to an agreement of the parties. The arrears in the amount of $2443.92 were remitted, the exceptions filed by each party were withdrawn, and the support obligation remained suspended.[16] After granting [Schilling's] two requests for continuances to file briefs, the Superior Court dismissed [Schilling's] appeal regarding the attorney's fees on December 14, 2007. The appeal was dismissed for the failure to file a brief.[17]

[16] Order, filed Nov. 16, 2007.

[17] Order, filed Dec. 17, 2007[.]

Everything between the Parties remained relatively calm until July 2, 2012, when [Strait] filed a new Complaint for child support. After the initial conference, [Schilling] was found to owe child support to [Strait].[18] Due to the complexity of the case, [Strait] was permitted discovery in order to prepare for the de novo hearing. [Schilling] initially failed to comply with these discovery requests, requiring [Strait] to file a Motion to Compel and a Motion for Sanctions.[19] After a hearing in front of the Support Master, [Schilling] was assessed a support obligation in the amount of $509.00 per month, plus $51.00 per month on

arrears.[20] Both parties filed exceptions, which are still pending. Strait then filed this Petition to Enforce Award of Attorney's Fees on September 27, 2013, requesting this Court enforce the 2007 Attorney's Fees Order requiring [Schilling] to pay $4,000 of attorney's fees. A hearing on the matter was held on December 18, 2013.

> [18] *See* Interim Order, filed Aug. 28, 2012. While this new round of litigation does not directly deal with the 2007 attorney's fees order, it serves as background for [Strait's] filing of the Petition to Enforce Award of Attorney's Fees.
>
> [19] *See* Straits Motion to Compel, filed Dec. 13, 2012 and Motion for Sanctions, filed Feb. 20, 2013[.]
>
> [20] Support Master's Report and Recommendation, filed Sept. 4, 2013[.]

Trial Court Opinion, 5/5/14, at 1-5. On January 31, 2014, the trial court entered an order granting Strait's petition to enforce the award of attorney's fees. Order, 1/31/14. The order directed Schilling to pay Strait $4,000.00 pursuant to the April 16, 2007 order, and further directed Schilling to pay Strait $350.00 for attorney's fees associated with filing the underlying petition to enforce the April 16, 2007 order. ***Id***. Schilling filed a timely appeal on February 10, 2014.

On appeal, Schilling presents the following issues for this Court's consideration:

> 1) The Petition to Enforce Award of Attorney's Fees and the Praecipe To Enter Judgment On Support Order Entered April 17, 2007 was filed after the time limit set by the Statute of Limitation set in 42 Pa. Consolidated Statutes, Chapter 55 of 4 years.

2) There was a verbal agreement between the parties disposing of the claim for attorney's fees, from the Order of Court dated April 16, 2007, by [Strait] against [Schilling].

3) The granting of an additional award of $350.00 in attorney's fee[s] is unfounded.

Schilling's Brief at 3. We will address the issues in the order in which they were presented.

In his first issue, Schilling argues that the court erred in awarding attorney's fees because the petition to enforce the award of attorney's fees was filed beyond a claimed statute of limitations. The applicability of a statute of limitations is a question of law, thus, our scope of review is plenary and our standard of review is *de novo*. **See Ash v. Continental Ins. Co.**, 932 A.2d 877, 879-880 (Pa. 2007) (discussing the scope and standard of review of the applicable statute of limitations in bad faith actions).

Schilling asserts that the statute of limitations set forth in 42 Pa.C.S. § 5525(a)(5) renders Strait's petition to enforce the 2007 order untimely. Schilling's Brief at 7, 10. We disagree based on our conclusion that Schilling has confused distinct legal principles and procedural postures.

**Four year limitation**

**(a) General rule**.--Except as provided for in subsection (b), the following actions and proceedings must be commenced within four years:

* * *

> (5) An action upon a judgment or decree of any court of the United States or of any state.

42 Pa.C.S. 5525(a)(5).

The certified record reveals that the April 16, 2007 order contained no expiration date. The language in 42 Pa.C.S. § 5525(a)(5), which Schilling argues is applicable, deals with an action on a judgment. Here, however, Strait was not initiating an action with her petition; rather, she simply sought to enforce a prior order. Moreover, there was no judgment entered in any court that would render section 5525(a)(5) applicable in this matter.[2] Thus, Strait's petition to enforce the order, which was filed on September 27, 2013, was not an action upon a judgment pursuant to section 5525.

Additionally, we note that in his brief, Schilling cites to **United Nat. Ins. Co. v. J.H. France Refractories Co.**, 612 A.2d 1371 (Pa. Super. 1992);[3] **Kapil v. Ass'n of Pennsylvania State College & University Faculties**, 470 A.2d 482 (Pa. 1983); **Pocono Intern. Raceway, Inc. v. Pocono Produce, Inc.**, 468 A.2d 468 (Pa. 1983); and **Gustine Uniontown**

---

[2] We note that there appears to be some confusion with respect to the entry of a judgment. Schilling and the trial court both assert that a judgment was entered in 2012 on the 2007 order. N.T., 12/18/13, at 37. However, the certified record does not reflect that a judgment was ever entered on the 2007 order. Nevertheless, even if a judgment had been entered in 2012, Strait's petition to enforce was filed on September 27, 2013, well within the five year statute of limitations set forth in 42 Pa.C.S. § 5525.

[3] Reversed after appeal in **United Nat. Ins. Co. v. J.H. France Refractories Co.**, 668 A.2d 120 (Pa. 1995).

***Associates, Ltd. v. Anthony Crane Rental, Inc., L.P.***, 842 A.2d 334 (Pa. 2004), in an attempt to provide support for his position. Schilling's Brief at 11-12. A review of these cases reveals that Schilling is conflating the concepts of initiating a legal action with the enforcement of a court order. Each of the cases Schilling cites deals with the time at which a cause of action accrues, *i.e.*, the cases stand for the proposition that a cause of action accrues at the time when the plaintiff could have first maintained the action to a successful conclusion. None of these cases discusses the situation in the case at bar, where a party files a petition to enforce a prior order of court. We conclude that Schilling's argument is meritless and that he is entitled to no relief.

In his second issue, Schilling argues that there was a verbal agreement between the parties that disposed of the claim for attorney's fees. Schilling's Brief at 14. We conclude that there is no merit to this issue.

The enforceability of a settlement agreement is determined by principles of contract law. ***Storms ex rel. Storms v. O'Malley***, 779 A.2d 548, 557 (Pa. Super. 2001). "Our standard of review requires us to determine, based on all the evidence, whether the trial court properly applied contract principles." ***Weavertown Transport Leasing, Inc. v. Moran***, 834 A.2d 1169, 1171-1172 (Pa. Super. 2003). The trial court's

decision will not be disturbed absent an error of law or an abuse of discretion. *Id*. at 1172 (citation omitted).

In order for a contract to exist, there must be a meeting of the minds, whereby both parties mutually agree to the same thing, as evidenced by an offer and its acceptance. *Refuse Management Systems, Inc. v. Consolidated Recycling and Transfer Systems, Inc.*, 671 A.2d 1140, 1146 (Pa. Super. 1996) (citations omitted). "In cases involving contracts wholly or partially composed of oral communications, the precise content of which are not of record, courts must look to the surrounding circumstances and course of dealing between the parties in order to ascertain their intent." *Id*. (citations omitted). Upon review, we must look to the parties' course of conduct to determine whether a contract was formed. *Id*.

Additionally, preliminary negotiations do not constitute a contract. *Storms*, 779 A.2d at 557. However, if the parties orally agree to all of the terms of an agreement and mutually expect the imminent drafting of a written contract reflecting their previous understanding, the oral contract may be enforceable. *Id*. (citation omitted). "If the parties agree upon essential terms and intend them to be binding a contract is formed even though they intend to adopt a formal document with additional terms at a later date." *Id*. (internal quotation marks and citation omitted). "The intent of the parties is a question of fact which must be determined by the

factfinder." **Id**. (citation omitted). The reviewing court must defer to the findings of the trier of the facts if they are supported by the evidence. **Id**.

Here, Schilling argues that all of the elements of a valid oral contract were satisfied and asserts that this Court's decision in **Kazanjian v. New England Petroleum Corp.**, 480 A.2d 1153 (Pa. Super. 1984), supports his claim. We disagree.

In **Kazanjian**, the appellants, as the executors of the estate of the decedent, Ibrahim Kazanjian, filed suit against the appellees seeking specific performance of an alleged oral contract. The trial court concluded that there was no legally binding agreement created by the oral agreement of the parties' counsel. On appeal, this Court reversed concluding that the communications between the parties were more than mere negotiations, and that the oral agreement was intended to be a binding contract. This Court reasoned that the decedent, Kazanjian, authorized his attorney to negotiate the terms of the settlement agreement, and Kazanjian agreed to those terms. The attorney for the appellees was also given the authority to reach a settlement, and the appellees agreed to each term of the agreement. Therefore, there was mutual assent of the parties through their attorneys. **Kazanjian**, 480 A.2d at 1159-1160.

In the case at bar, there is no evidence of mutual assent. While Strait admits that she contemplated settlement, and even signed a contract her

attorney prepared memorializing the proposed settlement, Schilling refused to sign the settlement agreement.

In its opinion, the trial court discussed **Kazanjian** and explained why the instant matter was distinguishable: "The oral agreement [in **Kazanjian**] was upheld since it was clear on the record that the attorneys negotiated the oral agreement on **each and every term** that was later formalized by the writing and it was agreed upon by the parties." Trial Court Opinion, 5/5/14, at 8 (emphasis in original). The trial court further explained:

> Here, there is no evidence suggesting that an agreement was reached between [Strait] and [Schilling] concerning the 2007 Attorney's Fees Order. It appears that an agreement was reached regarding other legal matters, as an order was entered remitting the arrears and dismissing both exceptions. There was no such order vacating the 2007 Attorney's Fees Order. [Schilling] argues that he would not have dropped his appeal if there had not been an agreement. However, there is no evidence that [Schilling] dropped his appeal pursuant to any agreement. Rather, [Schilling] failed to file a brief and his appeal was dismissed. Most importantly, there is no order voiding or vacating the 2007 Attorney's Fees Order, indicating that no such agreement to vacate the 2007 Attorney's Fees Order was ever reached.
>
> [Strait] admitted that she considered vacating the 2007 Attorney's Fees Order and that she did sign an agreement to that effect, which was drawn up by her attorney. However, it appears that [Strait's] agreement to vacate the 2007 Attorney's Fees Order was conditioned on both parties signing the formal agreement. After [Schilling] received the agreement, [Schilling] refused to sign it because it included something he did not like. Therefore, this situation is different from Kazanjian, because here the parties did not agree to each and every term that was formalized by the writing. Here, the parties were negotiating the terms of settling their outstanding legal issues, [Strait]

-11-

presented an offer in the form of the written agreement to [Schilling], and [Schilling] did not accept the offer and refused to sign the agreement. No oral agreement was reached between the parties.

Trial Court Opinion, 5/5/14, at 8-9.

We agree with the trial court's conclusion. There is no evidence that the parties reached an agreement, oral or otherwise, on the issue of attorney's fees and settlement. We further agree with the trial court that Schilling's refusal to sign Strait's written agreement is concrete evidence of his refusal to assent to the terms of a settlement. Accordingly, Schilling is entitled to no relief on this issue.

In his final issue on appeal, Schilling contends that the additional award of $350.00 in attorney's fees is unfounded. Upon review of Schilling's brief, however, we point out that he has failed to support this issue with any argument or authority. Pennsylvania Rule of Appellate Procedure 2119 addresses the argument section of appellate briefs and provides, in part, as follows:

**Rule 2119. Argument**

**(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have . . . such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of

pertinent authority." ***Estate of Haiko v. McGinley***, 799 A.2d 155, 161 (Pa. Super. 2002); Pa.R.A.P. 2119(b).  "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived.  Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." ***Lackner v. Glosser***, 892 A.2d 21, 29-30 (Pa. Super. 2006) (citations omitted).  This Court will not act as counsel and will not develop arguments on behalf of an appellant. ***Irwin Union National Bank and Trust Company v. Famous and Famous and ATL Ventures***, 4 A.3d 1099, 1103 (Pa. Super. 2010) (citing ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007)).

Here, Schilling has provided no argument on this issue.  Thus, we conclude that the issue is waived.

For the reasons set forth above, we conclude that Appellant is entitled to no relief.  Accordingly, we affirm the order entered on January 31, 2014, granting Strait's petition to enforce the prior award of attorney's fees and awarding Strait $350.00 in additional attorney's fees.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2014